EDWARDS S. GOODRICH ET AL., APPELLANTS, V. LUTHER BONHAM ET AL., APPELLEES.

6 N. W. (2d) 788

FILED DECEMBER 11, 1942. No. 31472.

W. J. *Moss* and *Melvin Moss* for appellants.

*Hartigan & Skultety, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

In this action plaintiffs, as heirs of a testator, seek to have a will construed; to have a judgment declaring them to be the owners of certain real estate; to have title quieted as against a deed of record; and to have an accounting of rents and profits. The trial court sustained a demurrer to their petition. Plaintiffs appeal. We affirm the judgment of the trial court.

Plaintiffs' petition alleges, in detail, the following facts: Edwards E. Goodrich made his will on April 27, 1908. There are eight paragraphs in the instrument. *First,* the usual direction for the payment, out of personal property, of funeral and administration expenses and debts. *Second,* a devise to his wife of the family homestead. *Third,* a cash bequest to his daughter.

*Fourth.* "I give, bequeath and devise to my son Leonard W. Goodrich the following described real estate * * * (city lot, involved in this litigation, and two pieces of farm land) in trust for the uses and purposes hereinafter specified, that is to say, said Leonard W. Goodrich shall out of the income arising from said real estate, pay the taxes and insurance and keep the same in the proper state of repair, and shall pay to my beloved daughter * * * all of the residue of the rents, profits, and income of said real estate as long as she shall live. Upon the death of said daughter, title to said lot * * * shall vest in fee simple in my son, Leonard W. Goodrich. In case my said son shall die before the death of my said daughter, I hereby authorize the proper court to appoint some suitable person as such trustee, for the purpose of continuing said trust, as hereinbefore created, during the life of my said daughter. Upon the death of my said daughter, if the oldest living child of my said son shall have attained the age of thirty-five years,

it is my will that said * * * (farm land) shall go to all of the then living children of my said son, in fee simple, share and share alike, and said trust shall thereupon end; but if at the death of my said daughter, the oldest living child of my said son shall be less than thirty-five years of age, said trust shall continue as to said * * * (farm land), and the net income and profit of the same shall be devoted to the education and maintenance of the children of my said son, until the oldest of said children shall attain the age of thirty-five years, at which time said real estate * * * (farm land), shall go to all of the then living children of my said son, in fee simple, and the control, management and trust of my said son therein shall cease and end."

*Fifth.* "I further give, bequeath and devise to my son, Leonard W. Goodrich, all the residue and balance of my property both real and personal, not hereinbefore disposed of," with a proviso, made a lien upon the real estate, that he should pay his mother $25 a month during her lifetime. *Sixth.* In the event of the wife's death prior to the testator the homestead was to become the property of the son. *Seventh.* "In case my said son Leonard W. Goodrich shall die in my lifetime, I direct that his share shall not lapse, but that the same shall be paid to his children, share and share alike." *Eighth,* appointed the son as executor.

The testator died March 1, 1911, and his will was duly admitted to probate April 19, 1911. Leonard W. Goodrich was appointed and qualified as both executor and trustee under the will. The estate was appraised for inheritance tax purposes at $66,900. The estate was closed and he was discharged as executor January 21, 1926. He continued as trustee until his death on June 5, 1928.

No application was made for the appointment of a successor-trustee, but after the death of Leonard W. Goodrich the daughter took possession of the property and assumed the duties of successor-trustee. She died October 11, 1940. The defendant Friesen became a tenant of the property under the daughter, and has since her death claimed to occupy the premises as tenant of the defendant Bonham.

September 15, 1922, Leonard W. Goodrich was adjudged a bankrupt. In the bankruptcy proceedings he scheduled as real estate owned by him the "reversionary interest" in the lot in suit. The defendant Luther Bonham purchased the interest of Leonard W. Goodrich in the property from the trustee in bankruptcy, and received a deed therefor, which was recorded March 13, 1923.

Leonard W. Goodrich died leaving as his only heirs the plaintiffs in this action and the defendant Catherine Goodrich Wilson. The daughter died without issue leaving the same parties as her only heirs at law. Plaintiffs allege that any interest which Leonard W. Goodrich had in this lot "was a contingent remainder" and that when he died, prior to his sister's death, his interest therein lapsed, and the plaintiffs and the defendant Wilson became the owners in fee simple of the property and entitled to the possession. Plaintiffs further allege that at the time said remainder lapsed the plaintiffs and the defendant Wilson were the only heirs at law of Edwards E. Goodrich, and that as such they inherited the fee simple title to the lot from him.

Plaintiffs pray for a decree that the life estate of the daughter has terminated, that plaintiffs and defendant Wilson be decreed to be the only heirs at law of Edwards E. Goodrich, that any interest of Leonard W. Goodrich be decreed to have failed, lapsed and terminated; that it be decreed that the fee simple title vested in the plaintiffs and the defendant Wilson as of the death of the daughter; that the title to said premises be quieted in them, and that the defendant Bonham be required to account for rents and moneys received; that Bonham and Friesen be enjoined from claiming any interest in the property and that Friesen be required to pay a reasonable rental for the property since the daughter's death.

To the above petition the defendant Bonham demurred for the reason, among others, that the petition did not state a cause of action. The trial court sustained the demurrer, and the plaintiffs elected to stand on their petition. Upon motion of defendant Bonham the petition was dismissed. Plaintiffs appeal.

The decision here turns upon the question of what title, if any, Leonard W. Goodrich, as an individual, received to this property under the will of Edwards E. Goodrich. That question requires a construction of the will. Plaintiffs here contend that the testator intended that the "fee simple" title to said lot should vest in the son only in the event that he outlive the daughter, and, he not having done so, the title passed to the heirs of Edwards E. Goodrich upon the death of the daughter. They further contend here that "It can make no difference whether the provision for the son is a contingent remainder (which they allege it to be in their petition), or a condition precedent, or a vested defeasible remainder, because in any event his interest therein perished by his death before that of his sister." The defendant Bonham contends that the remainder estate vested unconditionally in Leonard W. Goodrich at the time of the death of his father, as testate property.

This court has long followed certain rules for the construction of wills in this state.

The basic rule is that the testator's intent must be determined from the language used in the will, and, when so ascertained, that intent must be given effect, if it is not contrary to law.

"There is a presumption that a testator intended to dispose of his entire estate and not to die intestate either as to the whole or as to any part thereof, and where a provision of a will is fairly open to more than one construction, a construction resulting in an intestacy as to any part of the estate will not be adopted if by any reasonable construction it can be avoided." 69 C. J. 91. Consistent with this rule this court has held that in construing a will it is presumed that the testator intended to dispose of his entire estate unless the contrary is apparent from the will itself. *Jones v. Hudson*, 93 Neb. 561, 141 N. W. 141; *In re Estate of Zimmermann*, 122 Neb. 812, 241 N. W. 553; *Luenenborg v. Luenenborg*, 128 Neb. 624, 259 N. W. 649.

Plaintiffs' contention here is that it was the intention of the testator, in the event of the death of Leonard W. Good-

rich prior to the death of his sister, that the remainder estate, then having ripened into a fee simple estate, should pass to the heirs of the testator by the laws applicable to intestate estates. The presumption is against that construction. Is such an intent apparent from the will itself?

The testator first provided for his wife. He devised to her the homestead (paragraph Second), and anticipating the contingency of her death prior to his own, he provided that in that event the homestead should become the property of his son Leonard (paragraph Sixth). He devised the residue "not hereinbefore disposed of" to his son Leonard, the real estate to be subject to a lien for the payment of $25 a month to the wife (paragraph Fifth). He bequeathed a cash sum to his daughter. He placed three pieces of real estate in trust, the net income to be paid to his daughter during her lifetime. As to the city property the life estate only vested in the trustee, a trust of the remainder estate was not created. He anticipated the inevitable death of his daughter and provided that "upon" her death title to said lot should "vest in fee simple" in his son. He anticipated that the named trustee might predecease the daughter, and he provided for a successor-trustee to meet that contingency during the lifetime of the daughter. He desired that, after the death of the daughter, the farm lands mentioned in paragraph "Fourth" should become the fee simple property of his then living grandchildren, but anticipating that the daughter might die before the oldest of his grandchildren became thirty-five years of age, he provided for that contingency by continuing the trust as to the farm land until the specified age had been reached by the children. Anticipating the contingency that the son might desire, during the mother's lifetime, to dispose of the personal property, bequeathed in the residuary clause, he provided that the monthly payments to the mother should not be a charge upon the personal property, but desiring to make certain that those payments should be made he placed a lien on the residuary real estate for that purpose. Anticipating that his son Leonard might die dur-

ing the testator's lifetime, he provided that in that contingency the son's share should not lapse but should be paid to his children. In each and every case the testator anticipated a condition that might arise and declared his will in that event. He provided for his wife, his daughter, his grandchildren and his son, giving to the son that which remained after the provisions for the others had been met. The will clearly indicates a carefully thought out and natural disposition of all of the testator's property.

To accept the plaintiffs' construction of the will we must conclude that the testator contemplated and intended that, in the event of the son's death prior to the daughter, the remainder estate in the city lot should pass as an intestate property, and that he contemplated that contingency but did not provide for it. The care with which the will was drawn, the provision for all contingencies that the will contains, and the evident desire of the testator to vest title to all of his estate in the son, subject to specific bequests and devises to other beneficiaries, all negative any such construction as that for which plaintiffs contend. The contrary is clearly indicated by every provision of the will. It is clear from this analysis of the will as a whole that the testator intended to create a life estate in trust for his daughter, and a remainder in fee simple to the son in the lot in question.

When did the remainder estate vest? This court has said: "The policy of the law has always been to look with favor upon the early vesting of estates, and a remainder will never be held to be contingent if it can reasonably be held to be a vested remainder." *Wilkins v. Rowan,* 107 Neb. 180, 185 N. W. 437. In the same opinion we quoted with approval this language: "Whenever it is possible the future interest will be construed as vested, and hence alienable and devisable by the remainderman. * * * A remainder is vested if the remainderman, being alive, will take at once if the life tenant were to die." 2 Underhill, Law of Wills, sec. 860. "* * * the law does not favor the abeyance of estates but estates by way of remainder vest at the

earliest period possible, unless the will shows a contrary intention." 1 Schouler, Wills (5th ed.) sec. 562. "It is not the certainty of possession or enjoyment which distinguishes a vested remainder, but the certainty of the right of future possession or enjoyment if the remainderman who is ascertained lives until the determination of the preceding estate." 2 Alexander, Commentaries on Wills, sec. 1005. Tested by these rules it is clear that the life estate vested in the trustee, and the remainder estate vested in Leonard W. Goodrich, as an individual at the instant of the death of the testator.

But plaintiffs argue that the language of "the Fourth" paragraph, "I * * * devise to my son Leonard W. Goodrich * * * in trust * * * " etc., "Upon the death of said daughter, title to said lot * * * shall vest in fee simple in my son, Leonard W. Goodrich" means that the remainder title was not to vest until the death of the beneficiary of the life estate. This court has answered that contention directly in *DeWitt v. Searles*, 123 Neb. 129, 242 N. W. 370, wherein we said: "Testators are ordinarily and primarily concerned in the commencement, continuance and termination of the enjoyment of property by them devised and bequeathed. Apart from statute, the weight of authority recognizes this fact, and, when a contrary intent is not clearly expressed, construes such expressions as 'upon the death of' as, in effect, related to and affecting the enjoyment of property, rather than establishing and vesting technical estates and involved titles. This court is committed to the doctrine that, under the circumstances here presented, the words last referred to do not mean that the life estate and the estate in remainder shall not vest at the death of the testatrix, but rather that 'upon the death of * * *' refers to time when, subject to the rights of the life tenant, the enjoyment of the estate in remainder begins." See, also, *Davis v. Davis*, 107 Neb. 70, 185 N. W. 442, and text quoted with approval in *Wilkins v. Rowan*, supra, and *Drury v. Hickinbotham*, 129 Neb. 499, 262 N. W. 37.

We therefore hold that under the will here construed the remainder estate vested in Leonard W. Goodrich at the same instant the life estate vested in the trustee, to wit, at the time of the death of the testator. There is no contingency, alternative or condition expressed in the will that would reduce or defeat the remainder estate when it so vested.

Granting the correctness of this conclusion. there appears to be no question raised but that the title of Leonard W. Goodrich passed to the trustee in bankruptcy and through him to the defendant Bonham.

The judgment of the trial court is affirmed.

AFFIRMED.