IN RE ESTATE OF ROBERT E. MOORE, DECEASED, WILLIAM H. H. MOORE, SUCCESSOR TRUSTEE, APPELLEE, V. THE LINCOLN HOSPITAL ASSOCIATION, APPELLANT.

23 N. W. 2d 685

FILED JUNE 28, 1946. No. 32053.

*Max Kier* and *A. A. Whitworth,* for appellant.

*Cline, Williams & Wright* and *Frederick J. Patz,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

The question involved is whether the heirs of William R. Moore, deceased, or the Lincoln Hospital Association, residuary legatee, are entitled, under the will and codicils of Robert E. Moore, deceased, to $15,000 bequeathed for life to Pinkie Moore, now deceased. The district court found that the fund belonged to the heirs and successors in interest of William R. Moore, deceased. The hospital association appeals.

The record shows that Robert E. Moore died on December 6, 1921, leaving a last will and testament and four codicils, which were duly admitted to probate. By their terms Pinkie Moore was given a legacy of $15,000 during her lifetime. At her death the fund was to descend in accordance with the following provision of the codicil dated December 8, 1916: "In case of the death of Pinkie Moore the legacy bequeathed to her in said will shall descend to and vest in her brothers Charles H Moore and

William R Moore, or the survivor of them in case either of them may die."

It appears that Charles H. Moore died on March 1, 1933, and William R. Moore on May 2, 1937. The life estate in the fund terminated on March 4, 1942, the date of the death of Pinkie Moore.

It is a general rule that the testator's intent must be determined from the language used in the will and when so ascertained, that intent must be given effect, if it is not contrary to law.

It is the policy of the law to favor the early vesting of estates and a remainder will never be held to be contingent if it can reasonably be held to be a vested remainder. Wilkins v. Rowan, 107 Neb. 180, 185 N. W. 437; Goodrich v. Bonham, 142 'Neb. 489, 6 N. W. 2d 788. A remainder is vested if the remainderman, being alive, will take at once if the life tenant were to die. The law does not favor the abeyance of estates, but estates in remainder vest at the earliest period possible, unless the will shows a contrary intent. It is not the certainty of possession or enjoyment which distinguishes a vested remainder, but the certainty of the right of future possession or enjoyment if the remainderman who is ascertained lives until the determination of the preceding estate. 2 Alexander, Commentaries on Wills, § 1005, P. 1458.

The language of the codicil is not indefinite or ambiguous. It provides for a life estate in the fund for Pinkie Moore and a remainder interest to Charles H. Moore and William R. Moore or the survivor. This language constitutes a vested remainder. We adopt the language used in DeWitt v. Searles, 123 Neb. 129, 242 N. W. 370, wherein it is said: "Testators are ordinarily and primarily concerned in the commencement, continuance and termination of the enjoyment of property by them devised and bequeathed. Apart from statute, the weight of authority recognizes this fact, and, when a contrary intent is not clearly expressed, construes such expressions as 'upon the death of' as, in effect,

related to and affecting the enjoyment of property, rather than establishing and vesting technical estates and involved titles. This court is committed to the doctrine that, under the circumstances here presented, the words last referred to do not mean that the life estate and the estate in remainder shall not vest at the death of the testatrix, but rather that 'upon the death of * * *' refers to time when, subject to the rights of the life tenant, the enjoyment of the estate in remainder begins." We hold therefore that upon the death of the testator, Pinkie Moore received a life estate in the fund and Charles H. Moore and William R. Moore received a vested remainder interest in the fund. Upon the death of Charles H. Moore on March 1, 1933, before the death of the life tenant, William R. Moore became the owner of the remainder interest by virtue of the survivorship provision contained in the codicil. When William R. Moore died on May 2, 1937, the remainder interest descended to his heirs or successors in interest. There is nothing in the applicable parts of the will and codicils thereto that indicates any contrary intent. See Goodrich v. Bonham, *supra.* We think the correct rule is that where the gift of a remainder was to two persons and, in case either should die, the whole to the survivor, the one who outlived the other took a vested interest in the whole even if both preceded the owner of the life estate in death.

The appellant relies upon the rule that in the construction of a will the intention of the testator, if it can be ascertained, must govern and that such intention should be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will. Appellant then argues that the will when considered as a whole shows an intent on the part of the testator that the vesting of the remainder interest in Charles H. Moore and William R. Moore was conditional on one or both of them surviving the owner of the life estate. In this respect, it is contended that the rule applied in Goodrich v. Bonham, *supra,* is not a fixed rule to be applied in all cases, but is applicable only

when the will as a whole indicates such an intention. We think the better statement of the rule is that it applies in all cases involving similar language except where a contrary intent can be ascertained from an examination of the whole will. Can such a contrary intent be found in the present will? We think not.

The testator was possessed of a large estate and his will and codicils contained many bequests. Some of them were outright gifts of money, some were life estates only in personal property, and some were life interests in personal property with remainder over to named individuals or classes. The only condition attached to these bequests was that if the beneficiary failed to survive the testator, the bequest should lapse. That condition has no application in the present case because all the parties involved survived the testator. There is no other provision regarding lapsation of bequests that has any application to the bequest involved in the present case. The fact that in making other bequests the testator saw fit to name the beneficiary of the bequest and then provide that in case of his death his legacy shall go to another "or his children," or words of similar import, does not warrant a holding under the provision of another legacy where such words were not used, that testator intended that the legacy should lapse. The bequest here involved was not the only one which provided for a remainder over without directions in the will as to where the fund should go in case the remainderman preceded the owner of the life estate in death. We have a right to assume that the testator intended that the heirs of the remainderman should then take, rather than a particular class such as "children," "children named as legatees," or "surviving brothers and sisters" designated in other bequests provided in the will. We are obliged to say that there is nothing in the will or codicils evidencing an intent on the part of the testator that the legacy in question should lapse in case the remaindermen, or their survivor, should precede the owner of the life estate in death. Consequently, the

legacy belongs to the heirs and successors in interest of William R. Moore as found by the trial court.

AFFIRMED.