KENNETH ZNAMENACEK, SPECIAL ADMINISTRATOR OF THE ESTATE OF MARIE CLOUSE LONG, DECEASED, APPELLEE, V.
CLARA MENKE ET AL., APPELLANTS,
FRANCIS R. MENKE ET AL., INTERVENORS-APPELLEES.

316 N.W.2d 605

Filed February 26, 1982. No. 43814.

Bernard J. Ach for appellant Heers.

Jack L. Craven for appellant Clara Menke.

Hroch, Conner & Schelstraete for appellee Znamenacek.

Soucheck & Kimble for appellees Francis Menke et al.

Heard before KRIVOSHA, C.J., BRODKEY, WHITE, and HASTINGS, JJ., and WINDRUM, District Judge.

WHITE, J.

This is an action filed in the District Court for Saline County, Nebraska, by the special administrator of the estate of Marie Clouse Long, deceased, for construction of the will of one Martin J. Clouse and for partition of real estate. The defendants-appellants are two devisees and legatees under the will of Martin J. Clouse and the intervenors-appellees are the heirs at law and the devisees and legatees under the will of four deceased aunts, Sena Menke, Sophia Byers, Lena Kahle, and Minnie Menke, who were named in the will of Martin J. Clouse. A recitation of the facts is necessary.

Martin J. Clouse died November 11, 1957, and left the bulk of his estate in trust to one Thomas J. Aron as trustee for the benefit of Marie Clouse Long for life. The

will of Martin J. Clouse contains the following provision: "F. Upon the death of my sister, Marie Clouse Long, this trust shall terminate and the real estate and personal property devised and bequeathed under this my Last Will and Testament, the Second paragraph thereof, to said Trustee, or the remainder thereof, and any unexpended income on hand at the time of the death of my sister, Marie Clouse Long, or the remainder of any real property or personal property, I give, bequeath and devise to my aunts, Sena Menke, Sophia Byers, Lena Kahle, Charlotte Heers, Clara Menke and Minnie Menke, share and share alike, to be theirs absolutely."

At the death of Martin J. Clouse, all six of the aunts named in paragraph F were alive. Marie Clouse Long, the life beneficiary of the trust, died on April 29, 1979, with Sena Menke, Sophia Byers, Lena Kahle, and Minnie Menke having predeceased her. The trial court found that the remainder described in paragraph F of the last will and testament was a vested remainder and that the shares of the four devisees and legatees named in paragraph F who had predeceased the life tenant did not lapse but descended to their devisees and legatees or their heirs at law. The appellants, Clara Menke and Charlotte Heers, the only devisees and legatees of Martin J. Clouse who were living at the date of the life tenant's death, appeal. We affirm.

"In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." Neb. Rev. Stat. § 76-205 (Reissue 1976).

In their assignments of error, appellants contend that the plaintiff special administrator was not a real party in interest since the interest of the life tenant, Marie Clouse Long, ceased as of the date of her death. We shall dispose of that assignment first before pro-

ceeding on to consider the meaning of paragraph F.

If the life estate was the only interest that Marie Clouse Long had, the special administrator would not be the appropriate party to bring this action. However, the record reflects that Marie Clouse Long acquired an interest in this real estate during her lifetime as devisee of two of the predeceased aunts, Sena Menke and Sophia Byers. We further note that Neb. Rev. Stat. § 30-2209(33) (Reissue 1979) provides that a personal representative in an estate proceeding includes a special administrator. Neb. Rev. Stat. § 30-2459 (Reissue 1979) provides that a special administrator has the power of a personal representative under the probate code, including the right to partition assets in estates being administered. Appellants' first assignment of error is without merit. The special administrator is a real party in interest and authorized by law to bring this action.

Paragraph F in the will does not contain any statement that the devise was conditioned on the survival of the remaindermen beyond the death of the life tenant. In general, a future interest is vested when there is no condition precedent to its taking effect in possession other than the termination of prior estates. Simes, Law of Future Interests, Ch. 17, § 90 (2d Ed. 1966). "The authorities and our cases agree that the intent of the testator is controlling." *Rudy v. Wagner*, 188 Neb. 508, 511, 198 N.W.2d 75, 77 (1972). "The law favors the early vesting of estates, and in construing a will containing a devise of a life estate and a devise of the remainder, the inference of a vested remainder is stronger than the inference of a contingent remainder if the meaning is obscure in this respect." *Rudy v. Wagner, supra* at 511, 198 N.W.2d at 77, citing *Davis v. Davis*, 107 Neb. 70, 185 N.W. 442 (1921).

"'Whenever it is possible the future interest will be construed as vested, and hence alienable and devisable by the remainderman. * * * A remainder is vested if the remainderman, being alive, will take at once if the

life tenant were to die.' . . . ' * * * the law does not favor the abeyance of estates but estates by way of remainder vest at the earliest period possible, unless the will shows a contrary intention.' . . . 'It is not the certainty of possession or enjoyment which distinguishes a vested remainder, but the certainty of the right of future possession or enjoyment if the remainderman who is ascertained lives until the determination of the preceding estate.'" *Goodrich v. Bonham*, 142 Neb. 489, 495-96, 6 N.W.2d 788, 791 (1942). Tested by these rules it is clear that the life estate is vested in Marie Clouse Long and the remainder estate vested in the six named aunts at the instant of the death of the testator.

In *Hanley v. Craven*, 200 Neb. 81, 93, 263 N.W.2d 79, 85 (1978), we said: .""Where the devise is to the remainderman 'from and after' or 'after' or 'at' or 'on' the death of the life tenant, or words of similar import are employed, such expressions are construed as relating to the time of the enjoyment of the estate and not as to its vesting, and such remainder is a vested one. The uncertainty as to whether or not the remainderman will live to come into actual possession or enjoyment of the estate does not make the remainder contingent, for that is an uncertainty which attaches to all remainders."'"

It is appellants' point in this appeal that the provision of the will is ambiguous because it does not indicate whether the testator intended that the remaindermen should survive the life tenant.

It is clear from a reading of the will that it was the primary intention of the testator to provide for his sister during her lifetime and to leave the remainder of all personal and real property to his six aunts, naming each of them. There is nothing in the will itself which suggests that it was the intention of the testator that the interest of any of the six aunts was contingent upon their surviving Marie Clouse Long. Indeed, in view of the absence of any such intention or any language from which such an intent could be construed, this court will not imply a condition of survivorship.

The judgment and decision of the trial court determining that the remainder of the estate of Martin J. Clouse vested in the six named remaindermen as of the date of the testator's death is correct and is hereby affirmed. The real estate should be partitioned in accord therewith.

AFFIRMED.