MATTHEW BESCH ET AL., APPELLANTS, V.
MATTHEW ALBERT SCHUMACHER ET AL., APPELLEES.

599 N.W. 2d 846

Filed August 31, 1999.    No. A-98-644.

Kathy Pate Knickrehm and Robert E. Sullivan, of Haessler, Sullivan, Nygren, Klein, Ltd., for appellants.

Thomas J. Fitchett, of Pierson, Fitchett, Hunzeker, Blake & Katt, for appellees.

HANNON, SIEVERS, and CARLSON, Judges.

CARLSON, Judge.
Several grandchildren and great-grandchildren of Mathias Peter Besch (Besch) and Anna C. Besch (Anna), both now deceased, appeal an order of the district court for Butler County, filed April 7, 1998, quieting title to a particular tract of land. For the reasons set forth below, we reverse, and remand with directions.

## BACKGROUND
The record shows the following facts: On November 10, 1934, Besch died while domiciled in Butler County, Nebraska. Subsequently, Besch's last will and testament was duly admitted to probate in the county court for Butler County. At the time of Besch's death, he was survived by his wife, Anna, and his three sons, Mathias Jacob (Mathias), Francis Joseph (Francis), and Kieran Norbert (Kieran).

In Besch's will, he bequeathed all of his personal property to Anna after his funeral and probate expenses were paid.

Additionally, in paragraph 3 of his will, Besch devised to Anna the "Northeast Quarter (NE¼) of Section Thirty-one (31), Township Sixteen (16) North o[f] Range Two (2) East of the Sixth P.M., in Butler County, Nebraska, absolutely forever."

The appellants, set out specifically below, seek to quiet title to another tract of land, which Besch devised in paragraph 4 of his will. Paragraph 4 states:

> I give, devise and bequeath unto my beloved wife, Anna C. Besch for and during the term of her natural life only, and so long as she remain my widow the following described real estate, to-wit: The West-half (W½) of the Southeast Quarter (SE¼) and the East-half (E½) of the Southwest Quarter (SW¼) and the Southwest Quarter (SW¼) of the Southwest Quarter (SW¼) all in Section Twenty-nine (29), Township Sixteen (16) North Range Two (2) East of the Sixth P. M. in Butler County, Nebraska, remainder share and share alike unto my beloved children, Mathias Jacob Besch, Francis Joseph Besch and Kieran Norbert Besch, share and share alike and unto the survivor or survivors, share and share alike should either of said children predecease their mother.
>
> It is my will that should my beloved wife, Anna C. Besch remarry that in such event her interest in the real estate described in this paragraph should terminate and my said children should immediately become vested with the fee simple title thereto.

Mathias died intestate on October 3, 1948, and no proceeding took place for his estate. At the time of his death, Mathias was survived by his wife, Agnes Besch, now Agnes Schumacher, and his three children, Matthew Schumacher, Timothy M., and Patricia.

Francis died testate on October 22, 1985. Francis' last will and testament was admitted to probate in the county court for Butler County. Francis was survived by his seven children, Susan, Debra, Michael, Patrick, Matthew Besch, Timothy J., and Jeanne. Michael died intestate on October 23, 1992, and no proceeding took place for the administration of his estate. Upon his death, Michael left three sons, Todd, Casey, and Jason.

Kieran died intestate on November 20, 1986, and similarly, no proceeding took place for the administration of his estate. Kieran left as his sole heir-at-law and next of kin his mother, Anna.

Anna died testate on September 7, 1996, having never remarried. In Anna's will, she specifically stated that she was not leaving Mathias' three children anything in her will because she had adequately provided for them during her life. In Anna's will, she made several specific bequests, and in a residual clause, she gave the rest of her property equally to Francis' seven children.

In a petition filed January 17, 1997, the appellants, Francis' six surviving children and Michael's heirs, filed suit against Mathias' three children and all other persons having or claiming any interest in the land described in paragraph 4 of Besch's will. In paragraph 5 of the appellants' petition, they alleged that after Mathias' death, Francis and Anna became concerned that Mathias' family would not inherit any interest in the land described in paragraph 4 because of the language in Besch's will. In paragraph 5 of the appellants' petition, they alleged that on August 5, 1948, Francis executed a document transferring any interest he might have in the described property to Mathias' three children.

Additionally, in paragraph 6 of the appellants' petition, they alleged that on August 26, 1953, Anna conveyed the property she inherited under paragraph 3 of Besch's will to Mathias' children and their mother, while retaining an interest in the property during Anna's lifetime. In the appellants' petition, they alleged that Anna did so with the belief that under Besch's will, Mathias' children would not receive any interest in the land described in paragraph 4 of Besch's will.

In paragraph 7 of the appellants' petition, they alleged that under the residual clause of Anna's will, they own the property listed in paragraph 4 of Besch's will in fee simple.

In the appellants' petition, they requested that the court quiet title in them and for such other and further relief as the court deemed equitable.

In an order filed February 11, 1997, the district court appointed a guardian ad litem to represent all the appellees who were either minors or engaged in military service.

On April 23, 1997, the appellees filed a motion to strike paragraphs 5, 6, and 7 of the appellants' petition, stating that these paragraphs were irrelevant to the cause of action stated.

In an order filed August 26, 1997, the district court granted the appellees' motion to strike and allowed the appellants 14 days to further plead, which the appellants did on September 24.

On December 19, 1997, the appellees filed an answer to the appellants' amended petition. In the appellees' answer, they stated that the devise contained in Besch's will created a vested remainder subject to complete defeasance in the event that all of Besch's sons predeceased Anna. The appellees stated that because none of Besch's sons survived Anna, the sons' remainder interest failed to vest when Kieran died on November 20, 1986. The appellees contend that upon Anna's death and the extinguishment of Anna's life estate, the property passed by the intestacy laws in existence on the date of Besch's death. The appellees argue that this is because Besch's will did not contain a residual clause.

After a hearing was held on the appellants' petition, in a journal entry filed April 7, 1998, the district court stated that Besch's will granted a life estate in the property at issue to Anna, and an undivided one-third remainder interest, subject to a condition precedent, in Besch's sons. The district court stated that regardless of what ways are used to describe the sons' remainder interest—contingent remainder, remainder subject to a condition precedent, or vested remainder subject to divestment—the sons needed to survive Anna in order to receive their interest. The district court stated that because Besch's will does not contain a residual clause, after Anna's death, the property passed in accordance with the laws of intestacy as they existed on the date of Besch's death, giving Anna a one-third interest in the property and Mathias, Francis, and Kieran each a two-ninths interest.

Therefore, the district court quieted title to the property in the following persons in the following percentages free and clear of the apparent claims of all other parties: Mathias' widow, Agnes Schumacher, 7.40741 percent; Mathias' three children—Matthew Schumacher, 4.93827 percent, Timothy M., 4.93827 percent, and Patricia, 4.93827 percent; Francis' surviving children—Matthew Besch, 11.11111 percent, Timothy J., 11.11111

percent, Patrick, 11.11111 percent, Timothy J., trustee for Jeanne, 3.17461 percent, Jeanne, 7.93652 percent, Susan, 11.11111 percent, and Debra, 11.11111 percent; and Michael's heirs—Todd, 3.70370 percent, Casey, a minor, 3.70370 percent, and Jason, a minor, 3.70370 percent.

## ASSIGNMENTS OF ERROR

On appeal, the appellants claim that the trial court erred in (1) finding that Mathias, Francis, and Kieran's remainder interest was contingent on Mathias, Francis, and Kieran surviving Anna, and (2) sustaining the appellees' motion to strike paragraphs 6 and 7 of the appellants' original petition.

## STANDARD OF REVIEW

A quiet title action sounds in equity. *Rush Creek Land & Live Stock Co. v. Chain*, 255 Neb. 347, 586 N.W.2d 284 (1998). In an appeal of an equitable action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

## ANALYSIS

The cardinal rule concerning a decedent's will is the requirement that the intention of the testator shall be given effect, unless the maker of the will attempts to accomplish a purpose, or to make a disposition, contrary to some rule of law or public policy. *In re Estate of Tjaden*, 225 Neb. 19, 402 N.W.2d 288 (1987). To arrive at a testator's intention expressed in a will, a court must examine the decedent's will in its entirety, consider and liberally interpret every provision in the will, employ the generally accepted literal and grammatical meaning of words used in the will, and assume that the maker of the will understood the words stated in the will. *Id.*

This appeal centers around the language used in Besch's will and Besch's intent regarding the vesting of the remainder interest granted to his sons.

The appellants contend that Besch granted his sons a vested remainder in fee simple with a right of survivorship and that the sons' remainder interest was vested upon Besch's death. Therefore, the appellants argue that under the survivorship clause in paragraph 4 of Besch's will, at Mathias' death the remainder passed to Francis and Kieran. At Francis' death, Kieran became the sole remainderman. The appellants contend that upon Kieran's death, the property passed to Anna, Kieran's sole heir and next of kin. The appellants contend that Anna then became the owner of the property in fee simple and that at Anna's death, she transferred her interest in the property by the residual clause in her will to Francis' children, the appellants. The appellees argue that Mathias, Francis, and Kieran received a contingent remainder subject to the condition that they outlive Anna and that upon Kieran's death, fee simple title lapsed. The appellees contend that upon Anna's death, title to the property passed according to the laws of intestacy in effect at the time of Mathias' death.

The policy of the law has always been to look with favor upon the early vesting of estates, and a remainder will never be held to be contingent if it can reasonably be held to be a vested remainder. *In re Trust Estate of Darling*, 219 Neb. 705, 365 N.W.2d 821 (1985), citing *Wilkins v. Rowan*, 107 Neb. 180, 185 N.W. 437 (1921).

It is a natural presumption that a testator making his will intended to dispose of his whole estate and not to die intestate as to any part of it, and in construing doubtful expressions, this presumption has weight, but it cannot supply the actual intent of the testator to be derived from the language of the will. *Allemand v. Weaver*, 208 Neb. 618, 305 N.W.2d 7 (1981).

In its order denying appellant's request to quiet title in them to the property at issue, the district court cited and distinguished *In re Estate of Moore*, 147 Neb. 434, 23 N.W.2d 685 (1946).

In *In re Estate of Moore*, Robert E. Moore died on December 6, 1921, leaving a last will and testament and four codicils, all of which were duly admitted to probate. According to one codicil, Pinkie Moore was given a legacy of $15,000 during her lifetime, and at Pinkie's death, the fund was to descend in accordance with the following provision: " 'In case of the death of

Pinkie Moore the legacy bequeathed to her in said will shall descend to and vest in her brothers Charles H[.] Moore and William R[.] Moore, or the survivor of them in case either of them may die.' " *Id.* at 435-36, 23 N.W.2d at 687. Charles died on March 1, 1933, and William died on May 2, 1937. Subsequently, Pinkie died on March 4, 1942.

The Nebraska Supreme Court analyzed the language in the codicil creating the remainder in Charles and William. The court stated that the words " '[i]n case of the death of Pinkie Moore' " defined the time when the enjoyment of Charles and William's estate in remainder began and did not mean that their remainder failed to vest until Pinkie's death.

Rather, the Supreme Court held that the remainder to be given to Charles and William was vested upon Robert's death and that the survivorship provision included in the codicil, " 'or the survivor of them in case either of them may die,' " *id.* at 436, 23 N.W.2d at 687, created a vested interest in the whole in the survivor, which descended at the survivor's death to the survivor's heirs or successors in interest. The court stated that this was true even though both Charles and William preceded Pinkie in death, because nothing in the applicable portion of the will and codicil indicated any contrary intent.

Therefore, the court held that upon Charles' death, William became the sole owner of the remainder interest by virtue of the survivorship provision contained in the codicil. The court stated that when William died on May 2, 1937, the remainder interest descended to William's heirs or his successors in interest.

In the instant case, the appellees argue that two portions of Besch's will suggest that it was Besch's intent that his sons receive an interest in the property only if all of them outlived Anna. In support of their argument, the appellees point to the language in Besch's will which grants his sons a remainder interest to "share and share alike and unto the survivor or survivors, share and share alike should either of said children predecease their mother." The appellees argue that this survivorship provision implies that all of Besch's sons were required to survive Anna to receive an interest in the property. We do not construe this language to have that effect.

Rather, it is clear from the language used that Besch assumed that one or more of his sons would outlive Anna and that the "survivor or survivors" would begin their enjoyment of the property in question upon Anna's death.

Nebraska law clearly states that there is a vested remainder if the remaindermen, being alive, will take at once if the life tenant were to die. *Znamenacek v. Menke*, 210 Neb. 671, 316 N.W.2d 605 (1982). It is not the certainty of possession or enjoyment which distinguishes a vested remainder, but the certainty of the right of future possession or enjoyment if the remainderman who is ascertained lives until the determination of the preceding estate. *Id.*

The law favors the early vesting of estates, and in construing a will containing a devise of a life estate and a devise of the remainder, the inference of a vested remainder is stronger than the inference of a contingent remainder if the meaning is obscure in this respect. *Id.*

In the instant case, by his will, Besch created a vested remainder in the disputed property in his sons because if Anna was to die, one or more of his sons, if living, would inherit the property.

Additionally, the appellees argue that the last sentence of paragraph 4 suggests that Besch intended that his sons' remainder interest would not vest until Anna's death or remarriage. The law does not favor the abeyance of estates, but estates in remainder vest at the earliest period possible, unless the will shows a contrary intent. *Znamenacek, supra*, citing *Goodrich v. Bonham*, 142 Neb. 489, 6 N.W.2d 788 (1942). The last sentence of paragraph 4 states, "It is my will that should my beloved wife, Anna C. Besch remarry that in such event her interest in the real estate described in this paragraph should terminate and my said children should immediately become vested with the fee simple title thereto." We note that this language expands on the initial portion of paragraph 4, which states, "I give, devise and bequeath unto my beloved wife, Anna C. Besch for and during the term of her natural life only, and *so long as she remain my widow* . . . ." (Emphasis supplied.) It is clear that it was Besch's intent to make certain that if Anna remarried, his sons would immediately receive possession of the property. Given the position of the sentence concerning the termination of Anna's interest in the

event she remarried and its reference only to Anna's remarriage and not her death, we do not construe this language as precluding the vesting of the sons' remainder interest upon Besch's death. Rather, we find that this language pertains to the sons' enjoyment of the estate and makes certain that Anna's enjoyment of the property would end if in fact she remarried, an event which did not occur.

Additionally, in support of our conclusion that Besch intended that the remainder granted to his sons vest upon his death and not upon Anna's death, we note that Besch's will failed to contain a residual clause. The Nebraska Supreme Court has stated that the absence of a residuary clause, although not conclusive, suggests that it was the impression of the testator that there was nothing to dispose of by a residuary clause, that everything had been disposed of by the will. *Allemand v. Weaver*, 208 Neb. 618, 305 N.W.2d 7 (1981). From our reading of Besch's will and Besch's failure to include a residual clause, we conclude that Besch did not intend that all three of his sons outlive Anna in order to receive an interest in the disputed property.

Therefore, based on our examination of Besch's will in its entirety, we conclude that upon Besch's death, the remainder granted to his sons was vested upon Mathias' death and that the survivorship provision created a vested interest in the whole in the survivor. Thus, upon Mathias' death, Francis and Kieran became the owners of the remainder interest, and at Francis' death, Kieran became the sole remainderman. At Kieran's death, Kieran's remainder interest descended to Kieran's sole heir and next of kin, Anna. Anna then became the owner of the property in fee simple, and upon her death, the property passed to the appellants, Francis' children, under the residual clause of Anna's will. Because we reverse, and remand this cause on this ground, we need not discuss the appellants' other assignment of error. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (holding that appellate court is not obligated to engage in analysis not needed to adjudicate controversy).

## CONCLUSION

For the reasons set forth above, we reverse the judgment of

the district court and remand this cause with directions to the district court to quiet title to the property in the appellants.

REVERSED AND REMANDED WITH DIRECTIONS.