J. H. DRURY, APPELLEE, V. SAMUEL F. HICKINBOTHAM: FRANCIS LELAND HICKINBOTHAM ET AL., APPELLANTS.

FILED JULY 19, 1935. No. 29325.

*Edward J. Kubat* and *F. L. Bollen,* for appellants.

*C. R. Stasenka, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an action to foreclose a tax certificate on a quarter-section of land in Saline county. The appellant Alexander McFarlane filed a cross-petition for the foreclosure of a mortgage executed by the appellants Francis Leland Hickenbotham and Jesse Hickinbotham, who in turn filed a joint answer and cross-petition praying for the construction of the last will and testament of Samuel F. Hickinbotham, deceased, in order that the rights of the mortgagee in the land might be determined. A decree foreclosing the tax lien was entered on January 16, 1934. On May 23, 1934, the trial court entered a second decree finding that the mortgage held by appellant McFarlane was not a valid lien against the land in question. On May 24, 1934, the court refused to confirm the sale held under the decree of January 16, 1934, for the reason that the price was inadequate. The appellants McFarlane, Francis Leland Hickinbotham and Jesse Hickinbotham bring the case to this court for a review of the decrees of the trial court entered on May 23, 1934, and May 24, 1934.

The record shows that Samuel F. Hickinbotham became the owner of the land in question in 1878. Samuel F.

Hickinbotham died in 1902 leaving a will which was duly admitted to probate and a final decree entered. The last will and testament of Samuel F. Hickinbotham contained the following provisions:

"I devise to my son, Francis Leland Hickinbotham, a life estate in the following described real estate, to wit: The southwest quarter (SW¼) of section numbered seven (7), in township eight (8), range number one (1), containing one hundred sixty acres (160A) of land more or less according to a government survey, all on the sixth P. M., in Saline county, Nebraska. Upon the death of my son Francis Leland Hickinbotham I give, devise and bequeath the last described real estate to the then oldest living son of Francis Leland Hickinbotham, absolutely. My said son Francis Leland Hickinbotham, shall have no power or authority to mortgage or encumber said real estate in which he is devised a life estate.

"All the rest of the residue and remainder of my property, both personal and real, I give, devise and bequeath to my son George H. Hickinbotham, absolutely and without reserve."

On May 10, 1932, the appellants Francis Leland Hickinbotham and Jesse Hickinbotham executed and delivered to McFarlane a mortgage upon the lands described in the will of Samuel F. Hickinbotham upon which there remains due the sum of $2,400. The question first raised is whether the mortgage is a valid lien against the interest of Francis Leland Hickinbotham, the owner of the life estate.

In this respect it will be noted that the will provided that Francis Leland Hickinbotham "shall have no power or authority to mortgage or encumber said real estate in which he is devised a life estate."

This court has held that a condition providing that property devised to trustees for a term of years should not be aliened or encumbered by the beneficiary during that term was not invalid. *Weller v. Noffsinger,* 57 Neb. 455. We have also held that such a restraint imposed upon a life estate was valid. *Albin v. Parmele,* 70 Neb. 740. In *Hiles*

*v. Benton,* 111 Neb. 557, this court said: "Regardless of the English rule, past or present, we hold in this case that a testator may convey or devise land for the benefit of his son in such wise that the latter may have all of the rents and profits of the same for life, and yet provide that it may neither be sold by his son, nor by his son's creditors, for debt or for any other purpose." We therefore conclude that the devise to Francis Leland Hickinbotham vested in him a life estate to the property described in the will; that the inhibitions against mortgaging or encumbering the property are effective, and that the mortgage under which McFarlane claims is not a lien on the interest of Francis Leland Hickinbotham in the land involved herein.

McFarlane, in taking the mortgage, had constructive, if not actual, notice of the public records of Saline county. It is not alleged that he was misled or deceived by anything except his own want of caution. There is, therefore, nothing shown in the record that would call for the interposition of equity in his behalf.

The appellant McFarlane contends, however, that the mortgage is a valid lien against the interest of Jesse Hickinbotham, the other of the two mortgagors. Jesse Hickinbotham is the oldest living son of Francis Leland Hickinbotham. It was clearly the intention of the testator that the oldest living son of Francis Leland Hickinbotham was to inherit the fee title to this land on the death of Francis Leland Hickinbotham. In construing the will as a whole, we further conclude that Francis Leland Hickinbotham was the owner of the life estate and Jesse Hickinbotham, as the oldest living son, was the owner of the remainder, subject to the conditions hereinafter mentioned. It is the contention of the appellant McFarlane that the interest of Jesse Hickinbotham in this real estate was a vested interest that could be encumbered. It is the contention of the appellants Jesse Hickinbotham and Francis Leland Hickinbotham that the owner of the remainder was not yet determined; that it was a contingent remainder and therefore not a vested interest subject to alienation.

The record shows that Francis Leland Hickinbotham is 78 years of age and that Jesse Hickinbotham is his only son. The record further shows that George H. Hickinbotham, now deceased, is the residuary legatee under the will. It is also shown that the three children of George H. Hickinbotham conveyed their interests in the land in question to Francis Leland Hickinbotham, the owner of the life estate. It is therefore quite apparent that if Jesse Hickinbotham should die before Francis Leland Hickinbotham and if another son should be born to Francis Leland Hickinbotham, this second son would be entitled to inherit the land under the terms of the will. It is the fact that there is a possibility that some person other than Jesse Hickinbotham might, at the time of the death of Francis Leland Hickinbotham, be the beneficiary under the will that forms the basis for the contention that the beneficiary is contingent and the remaining interest not vested. To this, however, we cannot agree.

"Whenever it is possible the future interest will be construed as vested, and hence alienable and devisable by the remainderman. It is not so much the certainty or the uncertainty of the enjoyment of the fee in remainder after the life estate ends as the uncertainty of the person who has a present right to enjoy the future estate if the particular estate came to an end now, which determines the character of the remainder. A remainder is vested if the remainderman, being alive, will take at once if the life tenant were to die. The fact that his enjoyment is postponed, and, on a certain event, as on his death, may never take place at all, does not make the remainder contingent. But where there is no person now in being upon whom the enjoyment and possession of the remainder would devolve as a remainderman, if the particular estate were to terminate, the remainder is contingent." 2 Underhill, Law of Wills, sec. 860.

In 2 Alexander, Commentaries on Wills, sec. 1005, it is said: "It is not the certainty of possession or enjoyment which distinguishes a vested remainder, but the certainty

of the right of future possession or enjoyment if the remainderman who is ascertained lives until the determination of the preceding estate. Where the devise is to the remainderman 'from and after' or 'after' or 'at' or 'on' the death of the life tenant, or words of similar import are employed, such expressions are construed as relating to the time of the enjoyment of the estate and not as to its vesting, and such remainder is a vested one. The uncertainty as to whether or not the remainderman will live to come into actual possession or enjoyment of the estate does not make the remainder contingent, for that is an uncertainty which attaches to all remainders."

In *Schuyler v. Hanna,* 31 Neb. 307, it was held: "It is the present capacity of taking effect in possession, if the possession were to become vacant, not the certainty that it ever will become vacant while the remainder continues, which distinguishes a vested from a contingent remainder." It is quite clear that Jesse Hickinbotham as the oldest son of Francis Leland Hickinbotham is capable of taking the remainder at the termination of the life estate, and the remainder is, therefore, vested in interest although it must wait the termination of the life estate before it can vest in possession. See *Hickox v. Klaholt,* 291 Ill. 544.

The next question is whether the vested interest of Jesse Hickinbotham is absolute and indefeasible during the existence of the life estate, or whether it is defeasible.

"There is a class of gifts occupying an intermediate position between absolute gifts and contingent gifts which vest in the beneficiary subject to being divested by the happening of a contingency or the exercise of a power. Until the contingency happens or the power is exercised this gift has all the incidents of an indefeasible interest. If the contingency never happens or the power is never exercised the gift becomes absolute. The most common example of this class of gifts is where a remainder is vested subject to be divested on the death of the first taker leaving children, or the birth of issue of another." Thompson, Wills, sec. 258.

In *Case v. Haggarty*, 91 Neb. 746, the will of the testator gave a life estate to testator's wife and the remainder to his three daughters, and in the event of the death of any one of the daughters before the death of the wife, then the daughter's share to go to her children, if any, and if not, then to the surviving sisters or their heirs. One of the daughters, Rose Kline, mortgaged her interest in the premises during the lifetime of her mother and predeceased her mother, leaving children. In determining the status of the mortgage given by the daughter, the court said: "By the language used, it seems clear that it was the intention of the testator that the fee title should vest in the three living children, only upon the condition that they should outlive their mother, and, in case of their not doing so, the title should go to their children by force of the will; that whatever interest the daughter would have should terminate at her death, if that event occurred before the death of the widow, and upon such death the interest she would have had should go to her children. If this is the proper construction, not only the interest of Rose Kline but that of her mortgagee was terminated by her decease." This court has held that an estate in remainder may vest in a devisee subject to defeasance. *Wilkins v. Rowan*, 107 Neb. 180; *Davis v. Davis*, 107 Neb. 70. In the case of *DeWitt v. Searles*, 123 Neb. 129, Eberly, J., in discussing a similar case, very ably considered the principles involved herein which sustain the contention of the mortgagee that Jesse Hickinbotham had a vested, alienable interest in the lands in question.

We therefore hold that Jesse Hickinbotham had a vested interest in the remainder which he could lawfully mortgage. The mortgagee could take, however, only what the mortgagor had to give. Francis Leland Hickinbotham had a life estate and Jesse Hickinbotham had a vested estate in the remainder, subject to defeasance. Should Jesse Hickinbotham predecease Francis Leland Hickinbotham, his death would defeat his vested interest. Any interest that Jesse Hickinbotham might have conveyed to a grantee,

during the existence of the life estate, would be defeasible by his death occurring prior to that of Francis Leland Hickinbotham, the holder of the life estate. We therefore conclude that the trial court should have entered a decree of foreclosure of the mortgage as against the vested interest of Jesse Hickinbotham and ordered the same sold. The cause will therefore be reversed and remanded, with instructions to enter a decree of foreclosure on the mortgage against the interest of Jesse Hickinbotham in accordance with this opinion.

Complaint is also made of the action of the trial court in refusing to confirm the sale of the land under the decree obtained on the tax sale certificates. The record is undisputed that the sale price was $1,040, and that the value of the land was $12,000. On this condition of the record, the trial court did not err in ordering a resale of the premises. The order setting aside the sale and awarding a resale of the premises is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.