614

LESTER STRAWHACKER ET AL., APPELLANTS, V. GENEVIEVE STRAWHACKER, APPELLEE.

272 N. W. 772

FILED APRIL 16, 1937. No. 29951.

E. A. Wunder, for appellants.

W. J. Moss, C. L. Clark and Melvin Moss, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

CARTER, J.

Plaintiffs brought this suit to have a deed to 80 acres of Jefferson county land construed and for a decree that they are the owners of an undivided one-half interest therein. From an adverse decree, plaintiffs appeal.

The record discloses that on December 1, 1883, John Jury and Mary E. Jury, his wife, conveyed the above-mentioned lands "to Andrew M. Strawhacker for and during his

natural life and at his death, to his present wife Genevieve and her children. Now of the town of Minonk, county of Woodford and state of Illinois." On the date of the execution and delivery of the deed, Genevieve Strawhacker had one child, Orville Strawhacker, then about one year of age. Subsequent to the execution and delivery of the deed, seven additional children were born to Andrew M. Strawhacker and his wife, Genevieve Strawhacker. Orville Strawhacker died December 28, 1918, leaving surviving his widow and one son, the plaintiffs in this action. Another child, Storis I. Strawhacker, died April 15, 1891, at the age of six years. Andrew M. Strawhacker, the grantee of the life estate, died on October 15, 1922. The question for determination is the rights of the parties in the land in question, as fixed by the provisions of the deed above quoted.

Plaintiffs contend that the language employed by the grantor of the deed indicates an intent that the remainder interest should vest only in those persons in being at the time the deed was executed and delivered. The evidence shows that Genevieve Strawhacker had only one child at that time. The use of the word "children" in the clause "to his present wife Genevieve and her children" seems to us to indicate an intent to include after-born children, otherwise the grantor would have named the then living child as a grantee of the remainder interest. Unless this be true, there would have been no reason for the use of the plural in designating the grantees of the estate in remainder. The contention is also advanced that the use of the words "now of the town of Minonk" indicates that the grantor of the lands in question indicated an intent that only those "now" in being should receive an interest in the realty. It will be observed that a period precedes the use of the word "now" and that the word "now" is capitalized, indicating the beginning of a new sentence. We conclude that the use of the words "now of the town of Minonk" refers solely to the then residence of Andrew M. Strawhacker, Genevieve Strawhacker and Orville Strawhacker and contains no inference whatever to the extent of the class in-

tended as grantees in the deed by the use of the words, "to his present wife Genevieve and her children."

We are convinced that, at the time of the execution and delivery of the deed, Andrew M. Strawhacker became vested with a life estate and that the remainder interest vested in his wife, Genevieve, and her only son then in being, Orville Strawhacker, subject to the condition that the class will open up and let in other children born during the continuance of the life estate. The rule is aptly stated by a text-writer as follows: "A bequest or devise to a class of the remainder over after a life estate vests the title to the estate in remainder in those of the class *in esse* at the death of the testator; the right of enjoyment of possession, however, is deferred until the expiration of the preceding estate. The estate in remainder, when once vested as upon the death of the testator, does not lapse by reason of the death of a beneficiary prior to the expiration of the life estate unless the will so provides, as by a limitation over in the event of the death of a remainderman before that of the life tenant. But the class will open up and let in those born during the continuance of the life estate, who belong to the class designated in the will. This general rule is held to apply particularly to gifts to children as a class, and in all such cases the estate in remainder vests in such of them as are living at the time of the death of the testator and in those born during the continuance of the life estate, from the moment of their birth." 2 Alexander, Commentaries on Wills, sec. 890.

The rule is also well stated in 2 Underhill, Law of Wills, sec. 558, as follows: "Where the distribution to or among children is to come after a prior life estate, a different rule is applicable than where it is immediate; for if the distribution or the possession of the property devised in remainder to children is not to be made or enjoyed until a period has elapsed subsequent to the death of the testator, a gift to children as a class will embrace not only all children who are living at the testator's death, and compose the class at that time, but also all who are born before the period of

distribution arrives. The rule as thus stated is applicable to a remainder to the children of some person other than the testator himself. Thus, suppose the testator shall give property to A. for his life, and after his death to the children of A. in remainder; all the children of A. who are living at the death of the testator, and all of A.'s children who are born during his life, will constitute the class at the period of distribution. And the same rule would apply where the gift is of a remainder to the children of B. at the death of A., or the children of the testator after a prior life estate to be enjoyed by his widow. If the gift of the remainder is a present gift, that is to say, if it vests a present interest, the possession only being postponed, all the children take who are *in esse* at the death of the testator, and they will take vested interests, subject to open and let in after-born children who come into being during the existence of the prior life estate; and both classes will compose the class at the time appointed for distribution. And if any child in whom the remainder has become vested dies during the life tenancy, his or her issues, if any survive until the time of distribution, will take *per stirpes* the share of the parent."

In Restatement, Property, sec. 157, the following pertinent statements appear:

"A remainder can be (a) indefeasibly vested; or (b) vested subject to open; or (c) vested subject to complete defeasance; or (d) subject to a condition precedent. * * *

"Illustration to Clause (b) : 2. A, owning Blackacre in fee simple absolute, transfers Blackacre 'to B for life, remainder to the children of B.' B has a child C. C has a remainder vested subject to open and let in other children born to B."

"When an otherwise effective conveyance of either land or a thing other than land creates one or more prior interests, the maximum duration of which is measured by lives, and then limits a remainder estate in fee simple absolute, or a corresponding remainder interest in a thing other than land, which is construed to be in favor of the

'children' of a designated living person who has one or more living children, these children have a 'remainder vested subject to open.' It is immaterial whether this designated person is the transferor, a transferee in favor of whom one of the prior life interests has been created or a person having no other relation to the affected thing." Restatement, Property, sec. 157, comment n.

We necessarily conclude that the life estate in the case at bar immediately vested in Andrew M. Strawhacker and that the remainder interest immediately vested in Genevieve Strawhacker and her then .only son, Orville Strawhacker, at the time the deed was executed and delivered, and as each subsequent child was born to Genevieve Strawhacker during the continuance of the life estate he became a member of the class and his interest in the land immediately vested. *Yates v. Yates,* 104 Neb. 678, 178 N. W. 262; *Wilkins v. Rowan,* 107 Neb. 180, 185 N. W. 437; *De Witt v. Searles,* 123 Neb. 129, 242 N. W. 370; *Drury v. Hickinbotham,* 129 Neb. 499, 262 N. W. 37.

It will be noted that the clause in the deed does not provide for a defeasance of the vested interest of any child, either by the death of the child or otherwise. In such case the vested interest of a child does not lapse at his death but descends to his heirs. In the instant case, each of the eight children and Genevieve Strawhacker became vested with an undivided interest in the land as they entered the class. At the termination of the life estate by the death of Andrew M. Strawhacker, the grantee of the life estate, the number within the class became fixed and the absolute interest of each at that time would necessarily be an undivided one-ninth interest in the premises.

The contention of plaintiffs that a one-half interest in the premises vested in Orville Strawhacker absolutely when the deed was executed and delivered and that, as his heirs, they are now entitled to a one-half interest therein is without merit. The vested interest of Orville Strawhacker was subject to being opened to let in children born during the continuance of the life estate, and, as each subsequent child

was born into the class, the interest of each was thereby proportionately decreased.

We therefore hold that each of the six surviving children is entitled to an undivided one-ninth interest in and to said lands by virtue of his being a member of the designated class. Genevieve Strawhacker is also entitled to an undivided one-ninth interest in her own right, as she was designated by name as a member of the class. Likewise, the estates of Orville Strawhacker and Storis I. Strawhacker are each entitled to an undivided one-ninth interest in and to said lands.

The trial court properly denied the claim of plaintiffs that they were entitled to one-half of the property involved in this action. The trial court erred, however, in not permitting the estates of Orville Strawhacker and Storis I. Strawhacker, deceased members of the class, to share in the estate.

The judgment of the trial court is reversed and the cause is remanded, with directions to enter a decree in accordance with this opinion.

REVERSED.