HAROLD B. OLSON, APPELLEE, v. ROBERT LISCO ET AL., APPELLANTS, IMPLEADED WITH MARY L. BROWN ET AL., APPELLEES.

30 N. W. 2d 910

Filed February 13, 1948.   No. 32355.

*Porter & Porter*, for appellants.

*Bern R. Coulter* and *Robert J. Bulger*, for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WESTERMARK, District Judge.

WESTERMARK, District Judge.

Plaintiff, appellee herein, the executor of the will of Gladys J. Lisco, deceased, brought this action in the district court for Morrill County for a declaratory judgment to interpret certain provisions in the will of William W. Lisco, deceased. By her will Gladys J. Lisco, daughter and only child of William W. Lisco, had devised the lands in Nebraska to charitable institutions to be selected by the plaintiff and two other parties. The land involved is approximately 440 acres in Morrill County. It is the contention of plaintiff that by the terms of the will of William W. Lisco, deceased, Gladys J. Lisco had obtained title in fee simple. The nephews and nieces, appellants herein, surviving descendants and heirs of said William W. Lisco, deceased, maintain that the daughter took only a life estate.

The father executed the will on October 9, 1902, when the daughter was about four or five years old. The father died on November 6, 1924, and the will was admitted to probate on December 19, 1924, in Morrill County. Gladys J. Lisco died in California on March 25, 1944,

leaving a holographic will which was admitted to probate as a foreign will in Morrill County.

Appellants and appellee make their respective claims under the second and third paragraphs of the father's will which are as follows:

"Second: I give and bequeath to my beloved daughter, Gladys J. Lisco all my personal property, money, stock in ditches and all other personal property and chattels of any and all description and all the real estate, wherever situated, I may die possessed of under the following conditions: Said Gladys J. Lisco to receive the net proceeds of all my estate real and personal, until she becomes thirty years of age. After said Gladys J. Lisco shall become thirty years of age she is to have entire control and right to possession of all my real estate, same to be hers in fee simple and she said Gladys J. Lisco is to have at said time right to use, sell and dispose of my entire personal property as she may see fit.

"Third: In case of death of my beloved daughter Gladys J. Lisco, should she die possessed of any personal property or real estate, devised her by this will, being part of my estate, said personal property and real estate is to descend, share and share alike to my brothers and sisters, or their descendants."

The district court, in substance, found and decreed that by the terms of said will the daughter was given a life estate in said land until she was 30 years of age, and upon attaining the age of 30 years she was given and devised a fee simple title; that the third paragraph provided that in the event she died before she had attained the age of 30, then and in that event the land should descend to his brothers and sisters or their descendants; that the daughter was of the age of more than 30 years at the time of her death and the owner in fee simple. Under the terms of the father's will did Gladys J. Lisco obtain a fee simple title, subject to defeasance within a certain period, or was she devised a life estate with power of sale?

"It is the court's duty in the construction of a will, under the provisions of section 76-205, R. S. 1943, to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law." Lacy v. Murdock, 147 Neb. 242, 22 N. W. 2d 713. See, also, In re Estate of Zents, 148 Neb. 104, 26 N. W. 2d 793.

"In determining the intention of a testator, it is the duty of the court to examine the will in its entirety, giving consideration to its every provision, giving the words used their commonly and generally accepted meaning, and to indulge the presumption that the testator understood the meaning of the words used." Salmons v. Salmons, 142 Neb. 66, 5 N. W. 2d 123. See, also, In re Estate of Zents, *supra*.

The second paragraph of the will provides: "* * * After said Gladys J. Lisco shall become thirty years of age she is to have entire control and right to possession of all my real estate, same to be hers in fee simple * * *." The fourth clause of the will provides that the executors should take entire charge of the property and pay the yearly net income to his daughter, with power to sell the personal property at any time they saw fit.

In the court's opinion this gave the daughter a fee simple title upon the death of the father subject to defeasance in case of her death before she arrived at the age of 30 years, as provided in the third paragraph of the will which is explained subsequently in this opinion.

The case of Shackley v. Homer, 87 Neb. 146, 127 N. W. 145, appears applicable. In that case the real estate was devised to executors to be held by them in trust until Cedric E. Cremer attained the age of 25 years, when the real estate was to be conveyed to him in fee, with a devise over, in the event of Cremer's death prior to attaining such age, to Cremer's widow and children, if any, and, if none, then to Cremer's mother. It was held that Cremer obtained a vested estate in fee simple, on his father's death, subject to the prior chattel interest given to the

executors, and also subject to defeasance in the event of his death before attaining such age.

Appellants contend that when the daughter attained 30 years of age she became possessed of all the property, both personal and real, of the father; that she had no right of disposition by will; and at her death said property descended to the appellants as descendants of the father. In support of this contention they cite Krause v. Krause, 113 Neb. 22, 201 N. W. 670; Merrill v. Pardun, 125 Neb. 701, 251 N. W. 834. The wills in those cases provided that on the death of the first taker the property remaining was devised to others. There was no uncertainty as to the time of death. They did not involve the interpretation of the significant phrase, "In case of death" as a contingency either before or after the death of the testator or some other contingency, and therefore cannot be said to be applicable. Avoiding the technical meaning of the provisions of the will for the moment, his concern about his daughter is manifested by providing for the supervision of the property until she should arrive at the age of mature discretion, and for her ownership and enjoyment thereafter. Until she arrived at 30 years of age the property was to be under the control of the executors, as provided in the fourth paragraph of the will. Thereafter she was to have the full control and enjoyment. Clearly, the testator had two periods of her life in mind when he wrote the will; first, before she arrived at 30 years, and second, after she attained such age.

Accordingly, it is natural to presume that he considered the contingency of her death during the first period, the period when she had not come to the full control and enjoyment of the property. This presents then the intention of the testator in using the words, "In case of death." Should it mean "at her death" as contended for by appellants, or does it refer to a contingency?

The general rule is that when the expression, "in case she dies," is used without any reference to time, it means

in case the first taker dies before the testator does. In the case of Johnston v. Reyes, (Tex. Civ. App.) 183 S. W. 7, it was held: "It would be unreasonable to hold that the testator would use the words, 'in case she dies,' to mean when she dies. He knew she would die at some time, and he did not desire to prepare for that; but in case she died before he did, then he desired to dispose of his property."

"The reason assigned for the rule is that as death is the certain event and time only is contingent, the words of contingency can only be satisfied by referring them to a death before some particular period, and none being mentioned, the time referred to must be presumed to be the testator's own death. (Matter N. Y., L. & W. R. R. Co., 105 N. Y. 89; Vanderzee v. Slingerland, 103 id. 47." Fowler v. Ingersoll, 127 N. Y. 472, 28 N. E. 471.

The contingency of death as expressed in the phrase, "in case of death" was discussed in the case of In re Estate of Willits, 88 Neb. 805, 130 N. W. 757. In that case the testator bequeathed and devised all his personal and real estate to his two grandsons and further provided, "In case of the death of either of the above named grandsons, his share of my estate to revert to the other." The will further provided that the executor was empowered to sell all the property and turn over the proceeds to the guardians of the grandsons to be held in trust until each attained his majority. One grandson having died after reaching the age of majority, the other grandson claimed all the proceeds. The court held that the other grandson was not entitled to the share of the deceased grandson. The court in its opinion said: "The general rule is that, where there is a legacy to a person absolutely, and a provision that in case of his death the estate shall revert to another, the contingency referred to is the death of the first taker before the death of the testator; but special circumstances will prevent the application of this general rule. In Schnitter v. McManaman, 85 Neb. 337, it is said: 'The rule that the words of

limitation shall be applied to the death of the first taker without issue during the life of the testator is said to be extremely technical in its character, and does not apply where there are indications, however slight, that the testator referred to death subsequent to his own demise.' "

In this case the contingency is not the time of the death of the testator but rather the time of distribution; that is, the time when the daughter would obtain the full enjoyment of her father's estate. It being apparent that the testator had two periods of her life in mind while making his will, it becomes obvious that the contingency relative to her death referred to the first period of her life, until she became 30 years of age, and in case of her death before that time the fee simple estate given her in the first paragraph was subject to defeasance; that is, subject to a gift over to the brothers and sisters of the father.

The citation In re Estate of Willits, *supra,* is directly in point. "Mr. Hawkins in his treatise on Wills (2d ed.) 254, deduces the following rule from the cases: 'Where there is a bequest to one person, and "in case of his death" to another, the gift over is construed to take effect only in the event of the death of the prior legatee before the period of payment or distribution, unless an intention appear to the contrary. Cambridge v. Rous, 8 Ves. Jr. (Eng.) 12; Ommaney v. Bevan, 18 Ves. Jr. (Eng.) 291; Home v. Pillans, 2 Myl. & K. (Eng. Ch.) 15.' See also 2 Jarman, Wills (6th ed.) 1602, 1609, 1610; Theobald, Wills (Can. ed.) 681, 685; Lewis' Estate, 203 Pa. St. 219."

We are of the opinion that Gladys J. Lisco took a fee simple title, subject to defeasance or gift over to the brothers and sisters of William W. Lisco or their descendants, upon a contingency terminable on her reaching the age of 30 years. Having reached the foregoing conclusions, the decree of the district court is affirmed as herein modified.

AFFIRMED AS MODIFIED.