WILLIAM SEMRAD ET AL., APPELLEES, V. JOSEPH E. SEMRAD ET AL., APPELLEES, IMPLEADED WITH HARRY E. STEVENS, APPELLANT.

51 N. W. 2d 264

Filed January 18, 1952. No. 33068.

Stevens & Powell, for appellant.

Joseph L. Pallat, H. A. Bryant, and Joe R. Broz, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by William Semrad and Erma Semrad, plaintiffs and appellees, against Harry E. Stevens, one of the defendants and the appellant herein, and others for the partition of 160 acres of land in Saunders County, Nebraska.

The question of the right to partition is not in issue. The only question for determination is that of apportionment of interests on partition. The apportionment

depends upon the meaning of a provision contained in a certain deed executed and delivered by one Josef Janecek and Marie Janecek, his wife, on August 17, 1892. The facts are not in dispute.

By the deed the land was conveyed to Mary Semrad, a daughter. The deed contains the following provision: "Grantors reserve the right that Mary Semrad (their daughter) can not convey or sell the above described land to any person during her natural life, and in case of Mary Semrad death said above described land should be divided among her hown children, and in case there should be no children after Mary Semrad then in that case the above described land should revert back to the Grantors above mentioned."

Nine children were born to Mary Semrad. Mary Semrad died October 19, 1949. Two of her children predeceased her. The two left surviving children. These children were living at the time Mary Semrad died.

Harry E. Stevens at the time of the commencement of the action in the district court and at the time of trial was the owner of the interests of three of the surviving children of Mary Semrad in this real estate.

William Semrad, one of the surviving children, instituted this action for partition wherein he contends that his interest and that of each of the other surviving children is one-ninth and that the children of each of the deceased children of Mary Semrad have a one-ninth interest therein.

The appellant, Harry E. Stevens, contends that under a proper interpretation of the quoted provision of the deed only the children of Mary Semrad who were living at the time of her death have an interest in the land and that he as the owner of the interests of three of these has a three-sevenths interest in the land.

The district court found and decreed that under the deed the interest of each of the seven living children was one-ninth; that the interests of the children of each of the deceased children was one-ninth; and that in consequence

as successor in interest the appellant was the owner of three-ninths instead of three-sevenths. It is from the determination upon this issue that the appeal has been prosecuted.

Unless we are to depart from the clear, positive, and recent pronouncement of this court the action of the district court is to be sustained.

The case of Strawhacker v. Strawhacker, 132 Neb. 614, 272 N. W. 772, in point of ultimate fact upon which the legal determination depended was not different from the case at bar.

In that case John Jury and Mary E. Jury on December 1, 1883, conveyed 80 acres of land to Andrew M. Strawhacker by deed. The habendum clause of the deed contained the following provision: "to Andrew M. Strawhacker for and during his natural life and at his death, to his present wife Genevieve and her children. Now of the town of Minonk, county of Woodford and state of Illinois." The concluding sentence of the quotation had significance in the consideration in that case but it has none herein.

On the date of the execution and delivery of the deed Genevieve Strawhacker had one child. Subsequently seven additional children were born. Andrew M. Strawhacker died October 15, 1922. The child born before the execution and delivery of the deed died December 28, 1918, leaving a widow and one son. One of the seven died April 15, 1891.

After reviewing the authorities which are fully set forth in the opinion in that case this court said: "We are convinced that, at the time of the execution and delivery of the deed, Andrew M. Strawhacker became vested with a life estate and that the remainder interest vested in his wife, Genevieve, and her only son then in being, Orville Strawhacker, subject to the condition that the class will open up and let in other children born during the continuance of the life estate."

It was also said, and this is apropos here since here

there is no provision for defeasance as was also true there: "It will be noted that the clause in the deed does not provide for a defeasance of the vested interest of any child, either by the death of the child or otherwise. In such case the vested interest of a child does not lapse at his death but descends to his heirs. In the instant case, each of the eight children and Genevieve Strawhacker became vested with an undivided interest in the land as they entered the class. At the termination of the life estate by the death of Andrew M. Strawhacker, the grantee of the life estate, the number within the class became fixed and the absolute interest of each at that time would necessarily be an undivided one-ninth interest in the premises."

Nothing has been presented which warrants a departure from the authority of this opinion. The decree of the district court is therefore affirmed.

AFFIRMED.