IRMA I. BALDWIN, APPELLEE, v. JACK LLOYD COLGLAZIER ET AL., APPELLANTS.

114 N. W. 2d 890

Filed May 11, 1962. No. 35179.

*Wiltse & Wiltse,* for appellants.

*Bayard T. Clark* and *Frank A. Hebenstreit,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

Plaintiff and appellee Irma I. Baldwin brought this action in the district court for Richardson County for the construction of the will of her grandfather and to quiet title in herself to 40 acres of land affected thereby.

The defendants are Jack Lloyd Colglazier, Lillian Colglazier, and Richard Colglazier, great-grandchildren of the testator who are the children of Lloyd A. Colglazier, deceased, and Florine Colglazier, his widow.

The district court found for the plaintiff Irma I. Baldwin, held she was the sole owner of the land, and quieted her title thereto as against the defendants. The defendants filed a motion for a new trial which was overruled and thereupon they have brought the matter to this court on appeal.

The defendants' assignments of error which, so far as need be considered by this court, are that the judgment is contrary to the law and the evidence; and that the court erred in not finding the defendants were the owners of an undivided one-half of the premises and in refusing to quiet their title thereto accordingly.

We sustain these assignments of error.

The controversy is concerning the construction of the will of Lewis W. Weddle. The paragraph involved reads as follows: "Item IX. I give devise and bequeath to my beloved daughter Lenora Colglazier the North West quarter of the South West Quarter of section Fourteen (14) Township Three (3) Range Fifteen (15) in Richardson County, Nebraska to be hers during her natural life only, and in the event of death of my daughter Lenora Colglazier the said 40 acres of land shall be and is hereby bequeathed to her children and in the event of no issue or children surviving my daughter Lenora Colglazier then the said 40 acres herein mentioned under Item IX shall revert to my legal heirs."

There is no dispute of facts involved herein, since they are all contained in the stipulation of the parties. The testator executed his will on June 17, 1912. He died November 24, 1915, and the will was probated in the county court of Richardson County on December 28, 1915. He provided for all 11 of his children by giving each of them a life estate in specific land with identical provisions as to remainders in each instance. Each son

received 80 acres and each daughter 40 acres. Thereafter he gave the residue of his estate to his 11 children equally and made identical provisions with respect to encumbrances that might be upon any of the lands.

The testator was survived by his daughter Lenora Colglazier, the life tenant of the land involved. At that time she had two children, the plaintiff Irma Baldwin, born January 1, 1895, and Lloyd A. Colglazier, born September 14, 1896, both of whom were well along in their teens when the will was executed. She never had other children. Lloyd A. Colglazier died intestate September 3, 1953, leaving as his sole and only heirs at law Jack Lloyd Colglazier, a son; Lillian Colglazier, a daughter; Richard Colglazier, a son; and Florine Colglazier, his widow, who are the defendants herein. The life tenant Lenora Colglazier died intestate on February 26, 1960, leaving the plaintiff Irma I. Baldwin, her daughter, and the children of Lloyd A. Colglazier as her only heirs at law.

The duty of this court in such case is to ascertain the intention of the testator from the contents of the will. "When the language used in a will is clear and unambiguous the court will apply thereto its usual and ordinary meaning and then apply to the construction thereof the applicable rules of law." Carr v. Carr, *ante* p. 189, 112 N. W. 2d 786.

The paragraph of the will of Lewis M. Weddle affecting the land in this litigation first gives a life estate to his daughter Lenora Colglazier. Its next provision is "and in the event of death of my daughter * * * the said 40 acres of land shall be and is hereby bequeathed to her children. " The words "in the event of death" appear synonymous with the phrase "in case of death." In the decisions of this court such phrases do not have the effect of postponing the vesting of an estate in remainder to the time of the death of the life tenant. In re Estate of Willits, 88 Neb. 805, 130 N. W. 757, 33 L. R. A. N. S. 321; Olson v. Lisco, 149 Neb. 314, 30 N. W. 2d

910. In the case before us it appears it refers to the time the children should enter into the enjoyment of their estate.

"The law favors the early vesting of estates, and in construing a will containing a devise of a life estate and a devise of the remainder, the inference of a vested remainder is stronger than the inference of a contingent remainder, if the meaning of the testator is obscure in this respect." Davis v. Davis, 107 Neb. 70, 185 N. W. 442. In the case before us the phrase providing for and granting the gift to the children of Lenora Colglazier contains no suggestion of the remainder given them being subject to defeasance on the death of the children or either of them. Neither is there any indication of an intention to vest the title to the remainder granted them at a later date than that of the testator's death.

The position of the defendants is seemingly based on the last portion of the paragraph which reads, "in the event of no issue or children surviving my daughter Lenora Colglazier then the said 40 acres herein mentioned under Item IX shall revert to my legal heirs." They claim that because the estate in remainder given to the children of the life tenant being subject to defeasance or limitation, if the life tenant should die without issue or children that the estate granted the children was contingent on their surviving their mother; and that the gift was to a class and the membership of the class should be determined as of the date of the death of the life tenant. This situation has come before this court hitherto and has been decided adversely to the defendants' contention.

In Semrad v. Semrad, 155 Neb. 209, 51 N. W. 2d 264, the provision of the deed in question reads: " 'Grantors reserve the right that Mary Semrad (their daughter) can not convey or sell the above described land to any person during her natural life, and in case of Mary Semrad death said above described land should be divided among her *h*own (sic) children, and in case there should

be no children after Mary Semrad then in that case the above described land should revert back to the Grantors above mentioned.'

"Nine children were born to Mary Semrad. Mary Semrad died October 19, 1949. Two of her children predeceased her. The two left surviving children. These children were living at the time Mary Semrad died."

This court in the cited case affirmed the judgment of the district court finding that the interest of two of the children of the life tenant who had predeceased her leaving children was not extinguished. It cited with approval Strawhacker v. Strawhacker, 132 Neb. 614, 272 N. W. 772, which case held the same way with respect to the remainders of children who had predeceased the life tenant. The case of Semrad v. Semrad, *supra*, is cited in a note concerning remainders to life tenants' children in 57 A. L. R. 2d 103, in that portion thereof designated as section 13(c), beginning at page 153, where the discussion of the general rule in such cases states: "A limitation over in the event that the life tenant shall leave no child at his death ordinarily bears some suggestion that the real intent may have been to benefit only such children of the life tenant as should survive him, and this notwithstanding the basic disposition runs to the children generally and the limitation over can clearly have no application as such if a single child is living at the life tenant's decease. On principle, however, and as a plain construction of the language, it seems clear that the limitation over cannot in itself be deemed to render the remainder contingent; * * *."

Thereafter this note cites numerous cases where in the absence of provisions indicating the contrary a will giving a remainder to the children of a life tenant becomes vested at once in the children, defeasibly, despite the presence of a limitation over in the event of the death of the life tenant leaving no child. Many cases there cited show that the rule in Semrad v. Semrad, *supra*, coincides with that of most jurisdictions.

In the case before us the testator made his will when the two children of Lenora Colglazier were in being and well along in their teens. He made similar provisions giving life estates to his other children and with like remainders to their children. There appears no doubt that the testator intended in each instance to give particular lands to the children born to the respective life tenants. There is no suggestion that he intended their particular interest would be determined as of the date of the death of the life tenants. The clause in the will makes no provision for a defeasance of the vested interest of any child except the limitation in the event no issue or children survive the life tenant, in which event it would go to his legal heirs. Indeed there appears little ambiguity in the clause of the will.

It follows that the children of Lloyd A. Colglazier, together with his widow Florine Colglazier, who constitute his only heirs, have inherited his half interest in the premises involved in this litigation under the statute of descent as provided in Semrad v. Semrad, *supra*.

The judgment is reversed and the cause remanded with directions to enter judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.