GARRY E. RUDY ET AL., APPELLEES, V. WARREN S. WAGNER ET AL., APPELLANTS, IMPLEADED WITH ROBERT K. RUDY ET AL., APPELLEES.

198 N. W. 2d 75

Filed May 26, 1972. No. 38134.

E. Harold Powell and John E. Dougherty, for appellants.

Adams & Carstenson, for appellees Garry E. Rudy et al.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

McCOWN, J.

This was, an action for the partition of certain real estate in Hamilton County, Nebraska. The ownership interests involved are dependent upon the construction of a will executed in 1907 by one Matthias Wagner.

Matthias Wagner died testate in 1913, leaving his wife and seven children surviving him. The fourth paragraph of that will is the specific portion directly involved here. It provided: "I give, devise, and bequeath unto my beloved son, Carl Wagner the following described real estate, to-wit:- The South One Half of the South

East Quarter (S.½S.E.¼), of Section nineteen (19), Township Ten (10) North, Range Seven (7), West of the Sixth (6th) Principal Meridian, and situate in Hamilton County, Nebraska, for and during his natural life: At his death the remainder shall vest in his children born in lawful wedlock, and in the event of said Carl Wagner dying and leaving no legitimate child or children, the remainder shall vest in my surviving child or children, share and share alike as tenants in common, and if none of my children be then surviving such remainder shall vest as aforesaid in my surviving grandchildren." Matthias also devised other specific pieces of real estate to other specific children for their natural lives with virtually identical provisions as to the remainder interests. He also devised a lot outright to each of his children, the lots to be carved out of a described parcel of land.

Carl Wagner, the life tenant under paragraph Four, was married in 1912. He had three children, Glena Wagner Rudy, born in 1914; Warren S. Wagner, born in 1921; and Bonnie N. Wagner, born in 1927. Glena Wagner Rudy died intestate in 1947. Her heirs-at-law were Kenneth G. Rudy, her husband; two sons, Garry E. Rudy, the plaintiff; and Robert K. Rudy, one of the defendants. Glena's husband, Kenneth, subsequently married Glena's younger sister, Bonnie Wagner.

Carl Wagner, the life tenant under the will, died in 1963. He was survived by his children, Warren S. Wagner and Bonnie Wagner Rudy, and by the husband and children of Glena Wagner Rudy, who had predeceased her father.

The plaintiff, Garry E. Rudy, commenced this partition action thereafter. The district court found that Glena Wagner Rudy died intestate in 1947, seized of an estate of inheritance in an undivided one-third interest in the real estate, which descended to her heirs-at-law, her husband and her two sons, an undivided one-ninth interest each. Other issues involving improvements

were reserved for later determination and decree was entered accordingly.

The appealing defendants contend that under the language of the will, the remainder interests in the real estate did not vest in the children of Carl Wagner until his death, and the remainder interest then vested only in his children who survived him and were then living. The plaintiffs' position is that the remainder interest of each lawful child of Carl Wagner vested upon his or her birth, subject to defeasance only if no child or children of Carl Wagner survived him.

The authorities and our cases agree that the intent of the testator is controlling. Here the testator clearly devised the remainder interest in this property to the children of his son, Carl Wagner. The critical issue is whether the disposition was limited to those children who survived the life tenant. In another sense, the issue may be said to be whether or not the remainder interest of the children of the life tenant vested upon the birth of each or was contingent and postponed to vest only when and if that child survived the life tenant.

The law favors the early vesting of estates, and in construing a will containing a devise of a life estate and a devise of the remainder, the inference of a vested remainder is stronger than the inference of a contingent remainder if the meaning is obscure in this respect. Davis v. Davis, 107 Neb. 70, 185 N. W. 442.

Our cases consistently reflect that policy, Baldwin v. Colglazier, 173 Neb. 775, 114 N. W. 2d 890, involved 1 of 11 similar paragraphs in a will. The testator devised the property to his daughter "to be hers during her natural life only, and in the event of the death of my daughter * * * shall be and is hereby bequeathed to her children and in the event of no issue or children surviving my daughter * * * shall revert to my legal heirs." The life tenant had two children, one of whom predeceased the life tenant leaving three children of his own. The surviving child of the life tenant sought to quiet

title in herself. The court stated: "The words 'in the event of death' appear synonymous with the phrase 'in case of death.' In the decisions of this court such phrases do not have the effect of postponing the vesting of an estate in remainder to the time of the death of the life tenant. (Citing cases.)" "At his death" is equally ineffective to postpone vesting.

The court specifically rejected the claim that because the remainder estate given to the children of the life tenant was subject to defeasance or limitation if the life tenant should die without issue or children, the estate granted to the children of the life tenant was contingent on their surviving the life tenant. This court held that in the absence of provisions indicating the contrary, a remainder granted in a will to the children of a life tenant becomes vested at once in the children, defeasibly, despite the presence of a limitation over in the event of the death of the life tenant leaving no child.

Strawhacker v. Strawhacker, 132 Neb. 614, 272 N. W. 772, is persuasive upon several aspects of the issue involved here. In that case, a deed was "to Andrew M. Strawhacker for and during his natural life and at his death, to his present wife Genevieve and her children. Now of the town of Minonk, county of Woodford and state of Illinois." On the date of the deed, the life tenant and his wife, Genevieve had one child. After the execution and delivery of the deed, seven additional children were born. The one child who was living on the date of the deed predeceased the life tenant, leaving a widow and one son. Another child born after the deed also predeceased the life tenant. This court held that the estates of both deceased children should share in the remainder estate equally with those who survived the life tenant. This court quoted with approval the rule that: " 'A bequest or devise to a class of the remainder over after a life estate vests the title to the estate in remainder in those of the class in esse at the death of the testator; the right of enjoyment of posses-

sion, however, is deferred until the expiration of the preceding estate. The estate in remainder, when once vested as upon the death of the testator, does not lapse by reason of the death of a beneficiary prior to the expiration of the life estate unless the will so provides, as by a limitation over in the event of the death of a remainderman before that of the life tenant. But the class will open up and let in those born during the continuance of the life estate, who belong to the class designated in the will. This general rule is held to apply particularly to gifts to children as a class, and in all such cases the estate in remainder vests in such of them as are living at the time of the death of the testator and in those born during the continuance of the life estate, from the moment of their birth.' 2 Alexander, Commentaries on Wills, sec. 890."

The case also quotes with approval the rule that: " 'Where the distribution to or among children is to come after a prior life estate, a different rule is applicable than where it is immediate; for if the distribution or the possession of the property devised in remainder to children is not to be made or enjoyed until a period has elapsed subsequent to the death of the testator, a gift to children as a class will embrace not only all children who are living at the testator's death, and compose the class at that time, but also all who are born before the period of distribution arrives.' "

In the Strawhacker case this court concluded that the remainder interest immediately vested in Genevieve Strawhacker and her then only son at the time the deed was executed and delivered, and as each subsequent child was born during the continuance of the life estate, he became a member of the class and his interest in the land immediately vested. The court noted that each of the eight children became vested with an undivided interest in the land as they entered the class.

In Semrad v. Semrad, 155 Neb. 209, 51 N. W. 2d 264, parents conveyed land by deed to Mary Semrad, their

daughter. The deed contained a provision that: "Grantors reserve the right that Mary Semrad (their daughter) can not convey or sell the above described land to any person during her natural life, and in case of Mary Semrad death said above described land should be divided among her own children, and in case there should be no children after Mary Semrad then in that case the above described land should revert back to the Grantors above mentioned." Nine children were born to Mary Semrad. Two of her children predeceased her leaving surviving children. This court regarded the Strawhacker case as determinative of the issue, and held that the remainder interest vested in each child of the life tenant upon birth during the continuance of the life estate. It specifically reaffirmed the rule that where the language conveying a remainder interest to a class does not provide for a defeasance in case of the death of one of the class during the continuance of the life estate, the vested interest of such member of the class does not lapse but descends to his heirs.

The cases referred to, while they do not deal with identical language, are nevertheless persuasive and ample authority here. They are in accord with the great weight of authority in those states which favor early vesting rather than a postponed contingent construction as to remainder interests. See cases cited in companion Annotations, 57 A. L. R. 2d 103-234, inclusive.

The appealing defendants contend that the words "at his death the remainder shall vest" were intended to create only a contingent remainder and therefore postpone its vesting until the death of the life tenant. It seems clear to us that the language used indicates only that distribution or possession and enjoyment was postponed until the death of the life tenant. As the court indicated in Baldwin v. Colglazier, *supra*, a similar reference to the death of the life tenant "refers to the time the children should enter into the enjoyment of their estate." The language of the will does not restrict the

grant to a contingent remainder which never vested in Glena Wagner Rudy because she did not survive the life tenant. It should be noted also that there is no specific language in the will of Matthias Wagner which requires that survival of a remainderman is a condition of taking. The disposition of the remainder interest to the children of Carl Wagner is not by its terms limited to "surviving" children, but instead goes simply to "his children."

The appealing defendants want to have the language of the will interpreted as though it contained words such as "surviving" or "then living" when it referred to the children of the testator's son, Carl Wagner. Obviously it does not. We point out, however, that later in the same sentence, the testator used the word "surviving" when he referred to his own child or children as well as when he referred to his grandchildren when he provided for limitation over in the event Carl Wagner left no legitimate child or children.

The pattern of testamentary disposition and the language of the will of Matthias Wagner convince us that the testator had no intention to limit the class of the children of Carl Wagner to those children who survived their father, the life tenant. Under the testamentary language involved here, the devise of a remainder over after a life estate was to the children of the life tenant as a class; the estate in remainder vested in each of them as they were born during the continuance of the life estate, and did not lapse as to a child who predeceased the life tenant. The remainder was defeasible only in the event of the death of the life tenant, leaving no child or children.

The judgment of the district court was correct and is affirmed.

AFFIRMED.