THOMAS EDWARD LOWRY, APPELLANT, v. JOHN MURREN ET AL., APPELLEES.

236 N. W. 2d 627

Filed December 18, 1975. No. 40004.

William J. Lindsay and Ralph R. Bremers, for appellant.

Haessler, Sullivan & Inbody and Edstrom, Bromm & Lindahl, for appellees.

Heard before WHITE, C. J., McCOWN, NEWTON, and CLINTON, JJ., and WINDRUM, District Judge.

McCOWN, J.

Thomas Edward Lowry brought this action to quiet the title in fee simple to him on 80 acres of land in Saunders County, Nebraska, devised under the will of Thomas Murren, Sr., deceased. Upon Thomas Lowry's

death, the action was revived in the name of Ralph R. Bremers, the executor of his estate and his sole devisee. The District Court found that the will of Thomas Murren, Sr., provided only for life estates in the land and did not devise the fee; and that Murren died intestate as to the fee title. The court quieted title to the land in the heirs-at-law of Thomas Murren, Sr., and directed partition accordingly. The plaintiff has appealed.

Thomas Murren, Sr., died testate January 12, 1925. His will provided that his widow, Hannah Murren, take a life estate in all his real estate, including the land involved here. The 80 acres here were also the subject of paragraph Eighth of his will. That paragraph provided: "EIGHTH; After the death of my wife, Hannah Murren, I give, devise and bequeath to my grandson, Thomas Edward Lowry, son of my deceased Daughter, Margaret Lowry, a Life Estate in and to the West ½, of SE-¼, of Sec. 35, Twp. 16, Rg. 7, in Saunders County, Nebraska. containing 80-Acres, in the event my grandson above mentioned marries and has children, at his death, his children, if any, shall take a Life Estate in and to the above described real estate, equally, share and share alike,. In case the above mentioned grandchild should die before my decease, then and in that event, the 80-Acres above described, is to go to MY Direct Heirs, (Sons & Daughter) living at that time of my decease, absolutely and forever equally, share and share alike." There is no general residual clause in the will.

Hannah Murren died intestate October 2, 1932. The heirs-at-law of Hannah Murren and Thomas Murren, Sr., are the same persons. Thomas Edward Lowry survived Thomas and Hannah Murren, and although he married, he had no children. He commenced this action to quiet title November 9, 1972, and died May 23, 1973. This action was revived in the name of Ralph R. Bremers, the executor of his estate and his sole devisee.

Thomas Edward Lowry having survived the testator,

the District Court found that the will of Thomas Murren, Sr., devised only life estates and did not devise the fee at the termination of the life estates. The District Court also found that Thomas Murren, Sr., died intestate as to the fee; that the fee was not a contingent remainder affected by the rule against perpetuities but passed immediately upon the death of the testator to his heirs, subject to the life estates. The District Court quieted the title in the heirs-at-law of Thomas Murren, Sr., and directed partition accordingly.

The plaintiff contends there is a presumption that a testator intended to dispose of his entire estate and not to die intestate as to any part thereof, and that a construction which results in intestacy should not be adopted if, by reasonable construction, it can be avoided. The plaintiff concludes that the language of paragraph Eighth, under the rule in Shelley's case and the rule against perpetuities, should be construed to constitute the devise of a life estate in the land to Thomas Edward Lowry and a devise of the remainder to his heirs, thus resulting in a devise of the land to Thomas Edward Lowry in fee simple. We cannot agree.

A will is not open to construction unless it is ambiguous. Where the language of a will is clear and unambiguous there is no room for construction. Wall v. Wall, 157 Neb. 360, 59 N. W. 2d 398.

While there is a presumption that a testator intended to dispose of his entire estate, there is also a rule of law that in order to effectively disinherit the heirs-at-law a testator must dispose of his property by will. It is elementary that real estate not disposed of by will becomes intestate property and descends to the heirs-at-law of the testator. The presumption that a testator intended to fully dispose of his estate by will does not overcome the rule requiring an express provision or necessary implication to disinherit heirs. Jacobsen v. Farnham, 155 Neb. 776, 53 N. W. 2d 917, 33 A. L. R. 2d 543.

As this court said in Hunter v. Miller, 109 Neb. 219, 190 N. W. 583: " 'It is not sufficient that the court may entertain a private belief that the testator intended a fee; it must see that he has expressed that intention with reasonable certainty on the face of his will. For the law will not suffer the heir to be disinherited upon conjecture. He is favored by its policy; and though the testator may disinherit him, yet the law will execute that intention only when it is put in a clear and unambiguous shape. * * *.' " Where it is clear that the testator has not disposed of all his property, the courts cannot add provisions to his will which will prevent a partial intestacy, but the property which is thus omitted must pass as intestate property. 4 Page, The Law of Wills, § 30.15, p. 105; Wehrer v. Baker, 161 Neb. 241, 72 N. W. 2d 844.

Plaintiff's contention that the rule in Shelley's case is applicable here is unsupportable. The rule is still applicable in Nebraska where the testator died before 1941, the effective date of the Uniform Property Act. Nevertheless, the rule cannot and does not apply here. Here only life estates are involved, and the final life estate is limited to the children of Thomas Edward Lowry rather than to his heirs. The rule in Shelley's case is inapplicable where the remainder is to the heir for life. Simes and Smith (2d Ed.), The Law of Future Interests, § 1547, p. 440. If the remainder interest is to children, rather than to the full line of heirs capable of inheriting at the time of the testator's death, the rule in Shelley's case is not applicable. See, Simes and Smith (2d Ed.), The Law of Future Interests, § 1549, p. 443; Salmons v. Salmons, 142 Neb. 66, 5 N. W. 2d 123. The rule in Shelley's case is not favored. It is only when the facts bring a case under the strict letter of the rule that courts will apply and enforce it.

Plaintiff's contention that the provisions of paragraph Eighth violate the rule against perpetuities is also untenable. Vested interests are not subject to the rule,

nor does the rule apply to reversions. All reversions are vested interests. See, 5 Page, The Law of Wills, § 42.10, p. 293; Simes and Smith (2d Ed.), The Law of Future Interests, § 1240, p. 148, and § 82, p. 65. It is clear that the remainder interest here vested in the heirs-at-law of Thomas Murren, Sr., immediately upon the death of the testator, although possession was postponed until the termination of the life estates. See, 5 Page, The Law of Wills, § 42.9, p. 282; Drury v. Hickinbotham, 129 Neb. 499, 262 N. W. 37. That reversionary interest vested at the time of the testator's death, even though possession was postponed until the termination of the life estates, and the rule against perpetuities was not violated.

The language of paragraph Eighth of the will is not ambiguous. It provided for life estates only and did not devise the fee. Thomas Murren, Sr., died intestate as to such fee and the fee passed immediately upon the death of the testator to his heirs-at-law, subject to the life estates provided for.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.