In re Estate of Philip H. Unitt, deceased.
Dean H. Gade, Administrator With the Will Annexed of the Estate of Philip H. Unitt, deceased, et al., Appellants, v. Descendants of Philip H. Unitt, II, deceased, Grandson of Philip H. Unitt, Testator, Appellees.

250 N. W. 2d 644

Filed February 23, 1977.   No. 40779.

Blevens, Bartu, Blevens & Jacobs and Russell A. Souchek, for appellants.

Byron J. Norval, for appellees.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

McCown, J.

This is a proceeding to construe the will of Philip H. Unitt, deceased, to determine title to the real estate described in Item Five of the will. The issue is whether the devise of real estate under Item Five violated the rule against perpetuities. The District Court determined that Item Five was valid and effective, and directed the entry of a decree of distribution accordingly. This appeal followed.

The case was submitted on stipulated facts. Philip H. Unitt, a farmer and stockman, died in Seward County, Nebraska, on May 27, 1923. He left five surviving children: Charles, age 52; Arthur, age 50; Vincent, age 41; William, age 40; and Martha, age 36. Items Two, Three, and Four of the will provided legacies to the decedent's three older sons. Item Five then provided in relevant part: "Item Five: To my Fourth son William G. Unitt, of Seward Nebraska, * * * I hereby give, devise and bequeath the following real estate towit: (legal description) containing One Hundred (160) Sixty acres more or less, for life, remainder to the children of him the said William G. Unitt share and share alike: Should the said William G. Unitt die without issue, I direct that said land shall go to the children of my daughter Martha E. Eisenberger share and share alike for life, and at their death to my grandson Philip H. Unitt, his heirs and assigns forever." Item Six left the remainder of the estate, real and personal, to testator's daughter, Martha E. Eisenberger. The quoted portion of Item Five is the only matter involved here.

At the time of the testator's death in 1923, his son, William G. Unitt, was married but had no children; testator's daughter, Martha E. Eisenberger, was living and had one child, Victoria, then age 15; and testator's grandson, Philip H. Unitt, II, was age 27.

On the testator's death, his son, William G. Unitt, took possession of the farm described in Item Five and

remained in possession until his death at age 90 on September 26, 1973. William G. Unitt never had any children. Martha E. Eisenberger died June 5, 1947, and her only child, Victoria, died September 27, 1971. Testator's grandson, Philip H. Unitt, II, died February 28, 1966, leaving a wife, a son, and two grandsons living.

In November 1973, one of the heirs of William G. Unitt commenced this proceeding to reopen the estate of the testator, Philip H. Unitt, and construe the will. The issue in dispute was whether the quoted provisions of Item Five violated the rule against perpetuities. The court determined that three separate groups of heirs were affected by the proceedings, and appointed counsel for each of them. The first group of heirs consists of the persons named as residuary beneficiaries in the will of William G. Unitt, deceased. These persons assert that Item Five violates the rule against perpetuities, invalidates the remainder interest, and vests the title in the life tenant, William G. Unitt, and passes under his will. The second group consists of the heirs of the testator, Philip H. Unitt. These persons also contend that Item Five violates the rule against perpetuities, voids the attempted remainder disposition, and that title passes to them as intestate property. The third group consists of the heirs of the testator's grandson, Philip H. Unitt, II. These persons contend that the provisions of Item Five do not violate the rule against perpetuities, and that the remainder interest in the property vested in Philip H. Unitt, II, upon the death of the testator or, at the latest, upon the death of William G. Unitt.

The District Court found and decreed that the provisions of Item Five did not violate the rule against perpetuities, and that upon the death of the testator the remainder interest in the property vested in testator's grandson, Philip H. Unitt, II, subject to life estates which are terminated.

The rule against perpetuities prohibits only the cre-

ation of future interests or estates which, by possibility, may not become vested within a life or lives in being and 21 years, together with the period of gestation when necessary to cover cases of posthumous birth. Hauschild v. Hauschild, 176 Neb. 319, 126 N. W. 2d 192; 5 Bowe-Parker: Page on Wills, § 42.8, p. 281.

The basic authority states the rule as: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Gray, The Rule Against Perpetuities (4th Ed.), § 201, p. 191.

Since a will takes effect only upon the testator's death, future interests created by will are measured by lives in being at the testator's death, rather than at the time the will was executed. 5 Bowe-Parker: Page on Wills, § 42.9, p. 287.

The language of Item Five created an immediate life estate in William G. Unitt with the remainder interest to go to his children. If William died without issue, the remainder interest was to go to Philip H. Unitt, II, subject to a life estate in the children of Martha E. Eisenberger. If these interests were vested, or must vest, if at all, within the life or lives of a person or persons in being at the testator's death, plus 21 years, then the rule against perpetuities does not apply.

Whether a remainder is vested or contingent depends upon the language employed. Gray, The Rule Against Perpetuities (4th Ed.), § 108, p. 95; Simes, Law of Future Interests (2d Ed.), § 91, p. 188. In general, a future interest is vested when there is no condition precedent to its taking effect in possession other than the termination of prior estates, however and whenever that may occur; but if there is such a condition precedent, then the interest is contingent. Simes, Law of Future Interests (2d Ed.), § 90, p. 186.

The difficulties involved in terminology and meaning between vested and contingent remainders have been the subject of extensive legal writing and discus-

sion. See Simes & Smith, Law of Future Interests (2d Ed.), Ch. 5, §§ 131 to 166, pp. 110 to 208. The important fact here is that contingent future interests are subject to the rule against perpetuities but vested interests are not. Simes, Law of Future Interests (2d Ed.), § 90, p. 188; Lowry v. Murren, 195 Neb. 42, 236 N. W. 2d 627.

A vested interest is one in which there is a present fixed right either of present or of future enjoyment. The remainder is vested if the remainderman, being alive, will take at once if the life tenant were to die. The fact that his enjoyment is postponed, and on such an event as his death, may never take place at all, does not make the remainder contingent. But where there is no person in being upon whom the enjoyment and possession of the remainder would devolve as a remainderman, if the life estate were to terminate, the remainder is contingent. Drury v. Hickinbotham, 129 Neb. 499, 262 N. W. 37; Moynihan, Introduction to the Law of Real Property, § 16, p. 116.

The devise of the remainder interest to the children of William G. Unitt as a class was a contingent remainder since William G. Unitt had no children at the date of death of the testator. Had a child of William G. Unitt been born thereafter, title to the remainder interest would have vested in the child from the moment of birth. See Rudy v. Wagner, 188 Neb. 508, 198 N. W. 2d 75. The contingent remainder interest of any possible child of William G. Unitt must of necessity vest or disappear not later than the date of death of William G. Unitt. At that moment any alternative remainder interest became finally vested, whether it had previously vested subject to divesting, or had been only contingent.

The language of Item Five made an alternative disposition of the remainder interest in the property. The remainder interest was to go either to the children of William G. Unitt, or, in the alternative, to Philip H.

Unitt, II, and the event which was to determine the effective alternative was whether or not William G. Unitt had a child.

The provisions of Item Five which made the alternative remainder interest of Philip H. Unitt, II, subject to a life estate in the children of Martha E. Eisenberger did not postpone the vesting of the remainder estate in Philip H. Unitt, II. Such words as "at his death" or "at their death" do not have the effect of postponing the vesting of an estate in remainder to the time of the death of the life tenant. Rudy v. Wagner, *supra.*

The quoted language of Item Five of the will of Philip H. Unitt, deceased, does not violate the rule against perpetuities. The trial court made that determination and found that the remainder interest in the real estate vested in the testator's grandson, Philip H. Unit, II, subject to life estates which are now terminated. The remainder interest clearly vested not later than the death of William G. Unitt, who was living at the time of the testator's death. The trial court found that the remainder interest vested upon the death of the testator. While there are ample reasons supporting such a finding of early vesting favored by the law, it is not necessary for us to reach that issue here for the result is the same in either case.

The judgment of the District Court is affirmed.

AFFIRMED.